Van Voorhis, J.
We have carefully considered all of the points raised upon this appeal and resolved them against appellant. The question to which the opinions at the Appellate Division are addressed, and which has been argued at length in this court, concerns appellant’s motions to dismiss the indictment on the ground that the evidence submitted as against him before the Grand Jury is legally insufficient to constitute a crime. Prior to trial, appellant moved for an inspection of the Grand Jury minutes and for a dismissal of the indictment on the aforesaid ground; this motion was denied. Upon the trial, appellant moved to dismiss the indictment upon the same ground. His motion to dismiss was again denied. Appellant *675 raises these rulings, among other points, for reversal upon his appeal from the judgment of conviction. The Appellate Division affirmed the conviction by a divided court.
Although the denial of a motion to dismiss an indictment upon the foregoing ground is reviewable in this court on appeal from the conviction (People v. Nitzberg, 289 N. Y. 523; People v. Sexton, 187 N. Y. 495; People v. Glen, 173 N. Y. 395), a motion to dismiss an indictment for insufficiency of the evidence before the Grand Jury, as Justice Valente pointed out at the Appellate Division, is granted only upon a clear showing to that effect, in view of the presumption that an indictment is based on legal and sufficient evidence (People v. Glen, 173 N. Y. 395, supra; People v. Sexton, 187 N. Y. 495, supra; People v. Sweeney, 213 N. Y. 37). That degree of proof, as Justice Valexte also pointed out, is not necessary on a motion for inspection of the Grand Jury minutes in order to lay a foundation for dismissal of an indictment on this ground. It is enough to justify the granting of a motion for inspection if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (cf. People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31, per Cardozo, Ch. J.). On such a motion the judge is authorized to read the minutes of the Grand Jury.
If the motion to inspect the minutes is denied, the order is not appealable in the absence of a statute authorizing appeal (Matter of Montgomery, 126 App. Div. 72, appeal dismissed 193 N. Y. 659; People v. Strauss, 165 App. Div. 58).
If the motion for an inspection is granted, frequently the judge announces at the same time that the indictment is dismissed, but in theory of law, the granting of a motion to dismiss an indictment upon this ground signifies that the discretion of the court has been exercised to reveal the Grand Jury minutes and that then, upon the basis of the minutes, the indictment has been dismissed. The reading in camera of the Grand Jury minutes by a judge is not — strictly speaking—in conjunction with a motion to dismiss but in connection with a motion to inspect. If the motion to inspect is denied, the Grand Jury minutes are not before the court on the motion to dismiss the indictment.
On appeal from a conviction the Court of Appeals has no power to review the exercise of discretion in the denial of motions for inspection of the Grand Jury minutes (People v. *676 Sweeney, 213 N. Y. 37, 42, supra). In the case cited, we stated that “ the decision of the court upon such motion rested to such an extent in discretion that it cannot be reviewed by this court” (citing Eighmy v. People, 79 N. Y. 546, 560). The opinion continues in the Sweeney case:
‘ ‘ The court did not say and it does not mean to hold that an indictment should be set aside when it is found at the trial or on motion that the witnesses sworn before the grand jury were in fact accomplices without showing that it so appeared to the grand jury, and it also appeared that there was no corroborative testimony before such jury.
‘1 The grand jury is an independent body and the indictment is a record of its conclusions. It can be set aside at any time when it appears that the evidence before the grand jury was insufficient on which to sustain it, but otherwise when presented in due form it imports absolute verity. On the trial neither the court nor the jury can have anything to do with the proceedings in the grand jury room. Their only office is to inquire whether the defendants are guilty of the offenses laid to their charge. (People v. Hulbut, 4 Denio, 133.) ” (p. 45; italics from original.)
It was further said (p. 46): “ Nothing in the moving affidavits or at the trial shows what testimony was received by 'Ye grand jury other than as shown in the indictment. It rests in assumption. (People v. Martin, 87 App. Div. 487.) ” For the reason that it did not appear in the record that the indictment was not founded upon evidence which unexplained and uncontradicted would justify conviction by the trial jury, the Court of Appeals concluded in the Sweeney case that ‘ ‘ no error was committed by the [trial] court in its refusal to dismiss the indictment.”
In this case the court to which the preliminary motion to inspect the Grand Jury minutes was addressed examined the minutes in conformity with the customary practice, as well as the moving affidavits, and denied the motion. It was thus held, in the discretion of that court, that such proof as is required to warrant an inspection of the Grand Jury minutes was not supplied. The denial of that motion to inspect the Grand Jury miniites signified that they are not to be considered as having been before the court on the motions to dismiss the indictment.
The denial of the motion to inspect the Grand Jury minutes is not before us for review. We have jurisdiction to review *677 the denial of the motions to dismiss the indictment, but these motions are not to be granted in the absence of a clear showing that the evidence before the Grand Jury was insufficient. The only moving affidavit submitted by the attorney for appellant in support of the motion to dismiss before the trial was made upon ‘ ‘ information and belief, that incompetent, irrelevant and prejudicial evidence was presented to the Grand Jury and that the evidence thus presented is insufficient as matter of law to support the allegations of the indictment.” It further alleged that the information is based on newspaper reports and press releases purportedly emanating “ from the District Attorney’s Office ”. The rest of the affidavit is based on affiant’s conjecture. On the trial, as has been stated, appellant’s attorney again moved to dismiss the indictment for legal insufficiency for the reason that it appeared that a fellow prisoner testified to an oral confession that was not before the Grand Jury. It is argued that except for this confession the testimony at the trial would have been insufficient, from which the court was asked to assume that no other evidence was introduced before the Grand Jury. There is no presumption that the evidence at the trial was the same as that before the Grand Jury, and the conclusion drawn by appellant is a non sequitur that the evidence before the Grand Jury is otherwise the same as at the trial. There was no clear showing at the trial that the evidence before the Grand Jury without said oral confession was insufficient.
In People v. Sexton (187 N. Y. 495, 512, supra) Judge Werner, writing for our court, said: “ The averments of the affidavits upon which the motion was made were vague and unsatisfactory. The court’s attention was directed to no illegal evidence that was presented to the grand jury, and the very general charge that the evidence was insufficient is supported by no direct or definite statement. In short, the moving affidavits are simply a collection of the broadest generalizations stated upon information and belief. The learned trial justice before whom the motion was made had the minutes of the grand jury before him. He decided that the evidence was sufficient to sustain the indictment, and that none of the evidence was illegal. That decision is clearly supported by the record before us, and it is also fortified by the presumption that an indictment is found upon legal and sufficient evidence.”
*678 The discretionary motion for inspection of the Grand Jury minutes having been denied, and there being no clear showing that the evidence before the Grand Jury was insufficient either on the preliminary motion to dismiss the indictment or upon its renewal upon the trial, we cannot say that it was error not to have dismissed the indictment.
The judgment of conviction should be affirmed.