■ The People of the State of New York, Respondent, v. Thomas K. Smith, Appellant.— Judgment affirmed. Concur — Eager, J. P., Capozzoli, and Macken, JJ.; McGivern, J., dissents in the following memorandum: This is the second trial of this defendant. Originally indicted in a 70-count indictment, on the first trial all counts were dismissed save 11, two for " excess payments " and nine for " the record-keeping " statute. The jury was unable to agree on any of them. Tried again, the result was a verdict of guilty in respects of seven of the " record-keeping " counts, and once again, the jury could not agree on the " excess payment " counts. In my view, this last judgment must be reversed and the defendant be accorded another trial relating to the remaining " record-keep-ing " counts involving sections 399-n and 399-l of the General Business Law. The defendant's briefs assign many errors, some of the " harmless " variety, although plausibly maintained. I submit however, there are at least two errors that man-date a reversal. Stripped of the " excess payments " counts, concerning which no finding of guilt was had, all that faced the defendant were the nine " record-keeping " counts. And the defendant conceded that to his belated knowledge the records, technically, had not been kept in the manner required by section 399-n of the General Business Law. But was criminality involved? " There's the rub." Although initially, these counts failed to specifically allege that the defendant's conceded failure to keep proper records was " wilful ", the court, at the trial, granted the prosecutor's motion and permitted an amendment whereby the

indictment then also inserted the word "wilfully" in counts 3 to 11. On this record I do not find the evidence which can support the vital ingredient of "wilful and deliberate intent." The acts, unscientific record-keeping, were neutral acts. The defendant, although bearing the title of Treasurer of the Anta Washington Square Theatre, had but a desk in a small box office, and like the other employees, also took his turn at the window. And there is no evidence he ever issued a direction that the records should be deceptively kept, or kept with a deliberate purpose of concealing improprieties. He denied such an improper purpose and the other employees denied ever receiving any such instructions. Absent any direct evidence, unequivocally probative that the record-keeping was the product of improper motive, and since the "excess payment" evidence is debarred because of the jury's failure to agree, we have nothing left but a sterile situation of careless record-keeping, which in point of criminality, is a neutral and not unlawful act. There was not "a conscious disregard" of the statute. (See *People* v. *Taylor*, 31 A D 2d 852, 854.) Added to the paucity of the evidence relating to the "record-keeping" counts is the confused handling of the defendant's request to charge regarding a clarifying definition of the word "wilful" and the jury's subsequent question, on the second day of its deliberation, as to whether the word "deliberately" was included in the definition of the word "wilfully", and the court's denial he had ever so defined the term. Then, as an added climax, on the second day, the court in effect also then instructed the jury to decide whether the defendant was "an idiot or an imbecile or a lunatic." This gave them a hard choice: The defendant was either guilty or insane. But since his sanity was not at issue, under the impact of this direction, the jury could not but find him guilty. In view of the elementary fact that the defendant was still presumptively innocent, the court gave the jury an impermissible alternative. (See *People* v. *Roberts*, 26 A D 2d 655.) Accordingly, finding also as I do, on this record, that the evidence is equivocal, consistent also with a finding of mere negligence and carelessness (*United States* v. *Lynch*, 180 F. 2d 696, 700, cert. den. 339 U. S. 981), I do not find the establishment of the criminal element of "wilfullness" beyond a reasonable doubt as required by the court's amendment, and I would reverse.