Burton B. Roberts, J.
Defendant is charged under two indictments with various crimes arising out of his activities as a salesman of commodity futures options for the firm of Collins and Day Group, Inc. Indictment No. 4666/74 charges Mr. Stern with 12 counts of grand larceny in the second degree, 3 counts of grand larceny in the third degree and 2 counts alleging violation of the Martin Act. Indictment No. *102 4667/74 charges the defendant with two counts of perjury allegedly committed during the course of the Attorney-General’s investigation into the activities of Collins and Day.
Defendant moves to dismiss the indictments, or individual counts thereof, pursuant to CPL 210.20, 210.25, 210.30 and 210.40 on the grounds that:
1. Commodity options do not constitute "securities” within the meaning of the Martin Act.
2. The Attorney-General is without authority to prosecute the defendant for violations of sections 155.30 and 155.35 of the Penal Law.
3. There was not legally sufficient evidence before the Grand Jury to establish charges filed.
4. The indictment and bill of particulars do not afford the defendant sufficient notice of the charges of which he is accused.
5. The allegedly perjurious statements do not constitute perjury as a matter of law.
Defendant contends that "commodity options” are not securities within the contemplation of the State’s Blue Sky Laws, and further that the courts have never treated them as securities whether or not that term in the Martin Act encompasses "investment contracts.” The People maintain that the Collins and Day operation was essentially a "bucket shop” and that the options sold by defendant had all the necessary indicia of a security, as recognized by both courts and administrative agencies throughout the country.
We find the defendant’s position to be without merit.
The Martin Act (General Business Law, art 23-A, § 352) defines security as: "any stocks, bonds, notes, evidences of interest or indebtedness or other securities”.
The courts and administrative agencies of many States which have Blue Sky legislation nearly identical to ours, have considered whether or not "commodity options” are securities, and concluded in the affirmative. (See, e.g., People v Puts and Calls, Inc. [Cal. Super. Ct., June 21, 1973], 3 Blue Sky Law Reports, § 71,090; Wee Mac Corp. v Florida [Dist. Ct., 3d Dept. Sept. 24, 1974], 3 Blue Sky Law Reports, § 71,167; Matter of Goldstein, Samuelson, Inc. [Dept. of Securities, State of Oklahoma, Feb. 23, 1973], 3 Blue Sky Law Reports, § 71,167; Pennsylvania State Security Comm., 2 Blue Sky Law Reports, § 41,331.)
*103 This court is satisfied from the facts alleged and above case law, that the scheme proffered to the public by the defendant constituted an "evidence of an interest or indebtedness” as is contemplated by section 352. Furthermore, the sale of commodity options, in this instance, may also constitute an "investment contract,” another well-recognized form of security. (See Securities Exchchange Commission Act of 1933, U.S. Code, tit 15, § 77b.) In SEC v Howey Co. (328 US 293, 298-299), the Supreme Court held that for the presence of an investment contract to be established there must be "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter of a third party”. These conditions appear to be satisfied here. Thus, these commodity options which form the basis of counts 16 and 17 of Indictment No. 4666/74, fit squarely within the definition of security under the statute.
Under section 358 of the General Business Law, the Attorney-General has authority to pursue criminal prosecutions relating to allegedly fraudulent practices in the securities industry. The courts have traditionally construed the statute to permit the Attorney-General to present evidence to the Grand Jury of facts which establish criminal offenses, i.e., larceny, forgery, etc., which are uncovered as a result of any investigation into fraudulent practices in the securities field (People v Day [Sup. Ct., N.Y. County, July 24, 1975]; People v Bradick, 16 Misc 2d 1080; cf. People v Smith, 34 AD2d 524, affd 29 NY2d 831). Accordingly, defendant’s motion to dismiss counts 1 to 15 of Indictment No. 4666/74 for lack of authority to prosecute must be denied.
That part of the motion requesting inspection of the Grand Jury minutes, and upon their inspection, a dismissal of the indictment No. 4666/74, is denied. The moving papers fail to rebut the presumption that the evidence before the Grand Jury is legally sufficient to establish that the defendant committed the offenses charged in the indictments (People v Howell, 3 NY2d 672, 675). However, the court has granted the motion to inspect the Grand Jury minutes with respect to the perjury Indictment No. 4667/74 and the motions directed to the dismissal of this indictment are held in abeyance pending a reading of the minutes.
Defendant’s application for dismissal pursuant to CPL 210.45, in the interests of justice, for the People’s alleged *104 failure to furnish an adequate bill of particulars is without merit. The court has reviewed the items requested by defendant and the prosecution’s replies, and finds that the material provided by the Attorney-General complies with this court’s prior orders and satisfies the requirements of the CPL 200.50 and 200.90 that the defendant be apprised of the conduct which is the subject of the indictment.
Accordingly, defendant’s motion to dismiss Indictment No. 4666/74 is in all respects denied. Defendant’s motion with respect to Indictment No. 4667/74 is granted to the extent indicated above.