Jack Rosenberg, J.
The indictment charges in eight counts, that codefendants Wilfredo Lopez, Juan Rivera and Vincent Lopez, acting in concert, committed the crimes of murder in the second degree of one Francisco Clemente, attempts so to do of one Julio Roche and another Blanca Santos, and related crimes, all allegedly committed on July 21, 1975. Defendants, Wilfredo Lopez and Vincent Lopez, brothers, on behalf of whom this motion is made, are incarcerated and awaiting trial. (The third defendant, Clemente, has not been apprehended.)
There are three branches of the motion: To inspect the Grand Jury minutes, the conduct of a lineup and for a Wade hearing.
The gravamen urged by the movants’ attorney in support of the first, is that evidence of. an independent source was required, since evidence of an accomplice, only, would be insufficient to support an indictment, or the concomitant charges that the defendants acted in concert; both conclusions of law with which this court is not concerned. The determinative factor is that the moving affirmation of these defendants’ attorney alleges no sufficient facts — only speculation or conjecture — from which to believe that the evidence before the Grand Jury was insufficient or illegal (CPL 210.30, subd 4; People v Howell, 3 NY2d 672, 675). This branch of the motion is denied.
The second and third branches, however, allege facts consistent with the records of this court, which are persuasive of defendants’ demands for: (A) The conduct of a lineup; and (B) a Wade hearing; facts concerning which the answering affirmation is completely silent, since it addresses itself only to the branch demanding inspection of the Grand Jury minutes.
Demand for a lineup by a defendant, while certainly novel *113 and unique, is neither forbidden by statute or any case law which this court has been able to find. To the contrary, while it is a Federal and not a New York decision, demand for a lineup by a defendant was made, and the right so to do was unanimously upheld in United States v Ravich (421 F2d 1196, 1203-1203), finding inter alia, that a pretrial request for a lineup by a defendant is addressed to the sound discretion of the trial court and should be carefully considered. Circuit Judge Friendly addressing himself to the request laid down some of the factors to be considered, which this court adopts and endorses herein, as follows: "A pre-trial request by a defendant for a line-up is thus addressed to the sound discretion of the district court and should be carefully considered. Without any attempt at being exhaustive, we think some relevant factors are the length of time between the crime or arrest and the request, the possibility that the defendant may have altered his appearance (as was at least attempted here), the extent of inconvenience to prosecution witnesses, the possibility that revealing the identity of the prosecution witnesses will subject them to intimidation, the propriety of other identification procedures used by the prosecution, and the degree of doubt concerning the identification” (p 1203).
Although the answering affirmation is completely mute on any of these factors (or any others) with regard to the two branches, the moving affirmation and the court records disclose the following: 1. The crimes alleged in the indictment were committed on July 21, 1975. The indictment was filed August 28, 1975. The defendants Wilfredo and Vincent Lopez were arrested and arraigned approximately seven months after the alleged date of commission of the crimes charged and six months after the filing of the indictment. The District Attorney’s voluntary disclosure sheet discloses that no lineup was ever conducted and the identifications of the defendants were established by three types of evidence: "photo”, "other” and "personal knowledge”. No further information is recorded concerning who made the identifications of the photo or photos; the nature of the "other” type of evidence or the identities of the person or persons who furnished the "personal knowledge”.
This court grants the motion of these defendants for a lineup procedure and directs that a proper lineup be held at a place to be designated by the District Attorney at a time mutually convenient to the defendants’ attorney and the *114 District Attorney, that both defendants’ attorney and the District Attorney, or one of his assistants are to be present at the lineup, that the District Attorney make the necessary arrangements for the presence thereat of the defendants Wilfredo Lopez and Vincent Lopez, but that the lineup be conducted in no event more than 10 days after receipt of a copy of this decision and order.
This court also grants the motion of these defendants and directs that a Wade hearing is to be held before me at a time mutually convenient to the defendants’ attorney, the District Attorney and this court, but in no event more than 20 days later than the receipt of this decision and order, and furthermore only after the directed lineup has been completed.
If the District Attorney, or the attorney for these defendants, finds the time limitations set forth herein for compliance with the orders for lineup and the Wade hearing insufficient, either may apply to this court for additional time, on notice.