■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NGOR YIP, Respondent.—Order, Supreme Court, New York County (Robert M. Haft, J.), entered May 17, 1985, granting defendant's motion to dismiss an indictment, which had charged him with two counts of robbery in the first degree and one count of robbery in the second degree, unanimously reversed, on the law, the indictment reinstated and the matter remanded to the Supreme Court for further proceedings.

Defendant was indicted, following presentment to a Grand Jury, in connection with a gunpoint robbery of a health club at 350 Sixth Avenue, which took place on December 25, 1984,

at about 4:00 A.M. Three Oriental men, armed and wearing masks and dark jackets, ordered patrons to lie face down. During the robbery, they were joined by other accomplices, who also wore masks and dark jackets. At about 5:30 A.M., while the crime was in progress, the police responded to the scene. The robbers ran to the rear of the club and jumped from a second-story window after discarding two guns. Ms. Young, the proprietor of the club, heard one of the men scream in pain after he had jumped from the window and landed in the alley below and heard another accomplice tell him to "get up and move fast." She opened the front door and directed the police to the rear, where the men had fled into the alley. An unidentified woman, who was leaning out of one of the windows of the club, pointed down the street at five male Orientals, who were fleeing from the scene. There was no one else on the street at the time. The officers pursued the men, apprehending only defendant. His face was swollen, there was blood coming from his nose and he was limping, complaining of severe pain in the leg. He was wearing a black leather jacket but no mask was recovered. Two pistols were retrieved from the kitchen, which were identified by Ms. Young as having been used during the robbery.

After an in camera inspection of the Grand Jury's minutes, the indictment was dismissed as legally insufficient since there had been no identification of the defendant. In doing so, the court erred in overlooking the circumstantial evidence in the case, which, when viewed as a whole and according to the Grand Jury the right to draw reasonable inferences from the evidence, we find prima facie sufficient to sustain the indictment (see, People v Di Napoli, 66 NY2d 812, citing with approval the dissenting mem of Sullivan, J. P., 108 AD2d 650, 656). The absence of eyewitness identification is not dispositive, especially in a case involving circumstantial evidence.

On a motion to dismiss an indictment, there must be "a clear showing that the evidence before the Grand Jury was insufficient." (People v Howell, 3 NY2d 672, 677.) On such a motion, the evidence must be examined in a light most favorable to the People in determining whether there is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; see, People v Warner-Lambert Co., 51 NY2d 295, 298-299, cert denied 450 US 1031; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573; People v Sacco, 64 AD2d 324). The burden of proof on such a motion is on the

defendant to clearly establish the insufficiency of the evidence *(People v Howell, supra,* at p 677; *People v Deitsch,* 97 AD2d 327, 329). The operative test, the Court of Appeals has held, "is whether the evidence before the Grand Jury if unexplained and uncontradicted would warrant conviction by a trial jury" *(People v Pelchat,* 62 NY2d 97, 105).

As applied here, viewing the evidence in a light most favorable to the People, there was sufficient to establish the elements of the crimes charged and defendant's commission thereof. While there was no identification of the defendant, that is not dispositive in view of all of the circumstantial evidence in the case. Defendant was found running from the scene of the crime dressed in a black jacket, which corresponded to the description given. He was limping and complained of severe pain in the leg, all of which was consistent with the account that one of the robbers had screamed in pain after jumping from the second-story window. Moreover, defendant was apprehended only seconds after the police arrived on the scene and no other persons were observed in the alley adjacent to the health club in the early morning hours when the crime was committed. While defendant suggests that there are other innocent explanations to account for his physical condition at the time he was apprehended and his presence at the scene, these are matters for the trier of the facts in passing upon all of the evidence in the case. The fact that there was no direct identification is not at all unusual, especially since it is not disputed that the perpetrators were masked during the crime. In any event, this is an additional consideration for trial and it is not determinative as to the legal sufficiency of the indictment.

Accordingly, we reinstate the indictment and remand the matter for further proceedings. Concur—Sandler, J. P., Carro, Asch, Kassal and Rosenberger, JJ.