OPINION OF THE COURT
Harold Enten, J.
The People move the court for an order amending the *995 direction of a duly empaneled Bronx County Grand Jury so as to allegedly make it conform to the proof presented, that is, for inclusion in the direction of the phrase "acting in concert with others”. Upon review of the People’s notice of motion and supporting affirmation and defense counsel’s affirmation in opposition, the court denies the motion to amend.
On February 19, 1986, the Grand Jury heard evidence against defendant, Luis Pantojas, regarding crimes which allegedly occurred on February 11, 1986. The incident involved the defendant, at least two other unapprehended males and a 14-year-old female complainant. At the felony complaint stage of the proceedings, complainant’s accusations against defendant involved charges of accessorial rape in the first degree (Penal Law § 130.35 [1]) and two counts of accessorial sodomy in the first degree (Penal Law § 130.50 [1]).
After hearing testimony of the complainant, the arresting officer and defendant (and after declining to hear any defense witnesses) the Grand Jury chose not to vote a true bill. Pursuant, however, to procedures set forth in CPL 190.70, the Grand Jury directed the District Attorney to file in Bronx County Criminal Court a prosecutor’s information charging defendant with the crime of sexual misconduct (Penal Law § 130.20), the lowest degree of crime on which the Grand Jury was instructed by the People.
The Grand Jury’s direction provides, in relevant part, as follows:
"that there is cause to believe that [defendant] committed the crime of:
"SEXUAL MISCONDUCT
"on or about the eleventh day of February 1986, in the County of Bronx, in that the defendant did, being male, engage in sexual intercourse with [the complainant], a female, without her consent.”
The court notes that the direction makes no mention of the fact that defendant "acted in concert with others”.
The direction was signed by the foreperson of the Grand Jury (CPL 190.70 [2]) and, in accordance with the mandate of CPL 190.70 (3), was filed with the court for review. The court determined that the direction was sufficient on its face (CPL 190.70 [3]) and signed an order approving the direction and instructing the District Attorney to file an information in our *996 local Criminal Court (CPL 190.70 [3]) charging the aforesaid crime, that is, sexual misconduct.*
Thereafter, a prosecutor’s information was drafted by the People which provides in its entirety as follows:

"FIRST COUNT

"The Grand Jury of the County of the Bronx by this information, accuses the defendant of the crime of sexual misconduct committed as follows: The defendant, acting in concert with others, on or about February 11, 1986, in the County of the Bronx, did, being male, engage in sexual intercourse with [the complainant], a female, without her consent” (emphasis added).
In support of the District Attorney’s within motion to amend the Grand Jury’s direction to include the language "acting in concert with others”, the District Attorney contends that a reading of the Grand Jury minutes manifests the clear intent of that body to have the People proceed on that theory; that the proposed amendment is nothing more than the correction of an obvious "typographical error”, a ministerial oversight, which would neither change the theory of the prosecution "as intended by the Grand Jury”, nor prejudice defendant on the merits.
Although no formal motion to inspect minutes of Grand Jury proceedings was made by the District Attorney prior to or as part of the instant motion (see, People v Howell, 3 NY2d 672, 675 [1958]), itself a basis to deny the matter, the People have attached a copy of the minutes to their moving papers for the court’s in camera inspection. Notwithstanding this procedural irregularity, the court has carefully reviewed the *997 minutes in their entirety and finds the arguments of the District Attorney to be without merit.
Contrary to the People’s contention, the court finds no basis, statutory or otherwise, to permit an amendment of this kind to a facially sufficient Grand Jury direction. Firstly, the court does not discern that it was the clear intention of the Grand Jury to direct that defendant be charged with the crime of sexual misconduct while "acting in concert with others”. Indeed, because of the District Attorney’s instruction on accessorial conduct, the court is unable to determine with any degree of certitude just what was the intent of the Grand Jury in this regard. As aptly (although speculatively) stated by defense counsel, the basis of the People’s claim that the Grand Jury unintentionally erred is based upon a view of the evidence "as the People see it”, not in light of the instruction, as it appeared to the grand jurors themselves.
Second, it is well established that Grand Jury proceedings enjoy a presumption of validity (People v Bergerson, 17 NY2d 398 [1966]; People v Howell, 3 NY2d 672 [1956], supra). As such, and under the circumstances of this case, the court will not presume the intention of the Grand Jury. Indeed, the logic of the People’s position could just as easily support the argument that the Grand Jury intended to charge defendant with the crime of rape or sodomy insofar as evidence was heard to support such charges and that their failure to do so is but a "ministerial error” which could be corrected by court approved amendment. The fallacy of its position is manifest: who but the Grand Jury knows what it intended by means other than a review of its direction. In short, the court finds that the direction of the Grand Jury must stand on its own as the intended product of that body.
Thirdly, the court finds that the requested amendment would not constitute the correction of a mere "typographical error”. For the reasons stated above, the court cannot presume a casual lapse by the Grand Jury and thus cannot conclude that its direction was not intended to reflect its actual decision and wishes.
Finally, the court is at a loss to understand how the People can viably assert that permitting the amendment would not change the theory of prosecution. Not only is there a vast difference between principal and accessorial liability, it cannot be said that the People did not, quite simply, violate the direction of the Grand Jury (and this court’s order) by draft *998 ing and filing an information which substantively differed from the Grand Jury’s duly executed direction.

 The People argue that although the Grand Jury’s direction was duly filed with the court for review pursuant to CPL 190.70 (2), in fact the People "did not intend its signing”. Instead, they claim to have sought a continuance from this court "in order to move to amend the Order and Direction”. The People’s claim is at best disingenuous. It was they who submitted the direction to the court for review, it was they who drafted the prosecutor’s information and it was they who arranged for defendant’s arraignment thereon, all on the very same day that the Grand Jury heard evidence and issued its direction. Moreover, other than the bald assertion that they "sought a continuance”, the People provide the court with no support whatsoever to permit the conclusion that they did not intend the court to sign the direction as submitted. In any event, the court is unaware of any request for a continuance and would no more have granted an application to amend the direction then as now.