■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TONY RICHARDS, Respondent.—Order, Supreme Court, Bronx County (Archie Gorfinkel, J.), entered November 13, 1985, which granted defendant's motion to dismiss the indictment pursuant to CPL 210.30, unanimously reversed, on the law, and the indictment reinstated.

Defendant was indicted for the crimes of attempted rape in the first degree and assault in the second and third degrees. The complaining witness testified before the Grand Jury as follows: that shortly after midnight on August 17, 1985, she and her baby, in a stroller, were proceeding home to her apartment located at 1686 Seward Avenue when defendant, with whom she was acquainted but did not know well, followed her into the lobby and then entered the elevator together with her and the baby; that she pressed the fourth floor button and defendant pressed the seventh floor button; that when the elevator began moving, the defendant started pulling at her blouse and pants; that while she was fighting defendant off he banged her against the sides of the elevator car, causing her pain and subsequent swelling; that defendant told her that "he wanted to fuck" her and "if I wouldn't give him no pussy he was going to kill me"; that she was placed in fear by this threat and that when the elevator reached the fourth floor she was able to kick the door open, whereupon defendant fled and ran down the stairs.

The defendant waived immunity and in his testimony before the Grand Jury, asserted that he did not commit the acts charged and that at the time of the incident he was at home with his mother and other relatives. He opined that the

complainant, with whom he was casually acquainted, made this false accusation because she and her friends disliked him and had harassed him earlier on the night in question.

Defendant's mother also testified before the Grand Jury, stating that he was home with her watching television at the time of the alleged attack.

After hearing this testimony, the Grand Jury returned the indictment charging defendant with attempted rape in the first degree and assault in the second and third degrees.

In response to defendant's motion pursuant to CPL 210.30 to inspect the Grand Jury minutes and dismiss the indictment, Criminal Term dismissed the indictment, stating without further explanation: "The Court has read the Grand Jury minutes and finds that they *do not* sustain a prima facie case as to any count of the indictment." (Emphasis in the original.)

The order should be reversed and the indictment reinstated.

On a motion to dismiss an indictment there must be a clear showing that the evidence before the Grand Jury was insufficient and the evidence must be examined in a light most favorable to the People. *(E.g., People v Yip,* 118 AD2d 472.) The operative test is whether the evidence before the Grand Jury, if unexplained and uncontradicted, would warrant conviction by a trial jury. *(E.g., People v Pelchat,* 62 NY2d 97, 105; *People v Dunleavy,* 41 AD2d 717, *affd* 33 NY2d 573.) Questions of credibility are for the trier of facts and may not be determined on a motion to dismiss. *(E.g., People v Finley,* 104 AD2d 450.)

The complainant's testimony detailing the attack by the defendant is sufficient to sustain the indictment under these standards. Defendant's alleged actions in his physical attack on the victim, combined with his words and threats, certainly establish the crime of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). This evidence also makes out a prima facie case of assault in the second degree in that it establishes that in the course of and in furtherance of attempting to rape the victim, defendant caused her physical injury. (Penal Law § 120.05 [6].) No particular degree of "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]) is required to prove physical injury. *(See, Matter of Philip A.,* 49 NY2d 198.) Here, the evidence of the subjective pain the victim felt in being slammed against the wall, and the swelling it induced, when viewed in the light most favorable to the People, is sufficient at this stage to establish "physical injury". For the same reason, the charge of

assault in the third degree is also established, and should be reinstated. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.