■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JORGE MEDINA COLON, Respondent.—Order of the Supreme Court, Bronx County (John P. Collins, J.), entered October 2, 1987, which granted defendant's motion for dismissal of the indictment No. 2773/87, with leave to re-present to the Grand Jury, is unanimously reversed, on the law, and the indictment reinstated.

Justo Cesar Madern testified before the Grand Jury that on August 7, 1985, he observed defendant and another, while riding in a car driven by defendant, chase after and shoot one Philip Yuan. Mr. Yuan later died as a result of injuries sustained in the shooting. Mr. Madern testified he had known defendant for about five years by both his true name, Jorge Medina Colon, and by his nickname, "Papo One".

After inspecting the Grand Jury minutes, Criminal Term dismissed the indictment on the grounds "[t]he minutes are unclear as to whether this defendant was ever identified as the perpetrator of the crimes alleged".

Review of a motion to dismiss an indictment is limited to a determination of whether the evidence was legally sufficient *(People v Jennings,* 69 NY2d 103, 115). The defendant has the burden of clearly establishing the legal insufficiency of the evidence before the Grand Jury, and the evidence must be examined in a light most favorable to the People *(see, People v Richards,* 128 AD2d 387, 388). Here, defendant failed to meet that burden.

Criminal Term's ground for dismissal, i.e., that it was unclear whether defendant was identified as the perpetrator of the crimes alleged since there was no confirmatory identification, was erroneous. The finding did not relate to the sufficiency of the evidence but rather to whether there was reasonable cause to believe defendant committed the crimes charged. "[O]n a motion to dismiss an indictment under CPL 210.20 (1) (b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the Grand Jury" *(People v Jennings, supra,* at 115).

The identification evidence before the Grand Jury herein was not legally insufficient *(see, People v Brewster,* 63 NY2d 419; *People v Yip,* 118 AD2d 472) and, therefore, we reinstate the indictment. Concur—Kupferman, J. P., Asch, Milonas, Rosenberger and Ellerin, JJ.