■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOMINGO NUNEZ-MEZON, Respondent.—Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: County Court erred in finding that the evidence before the Grand Jury was legally insufficient to establish the offenses of criminal possession of a controlled substance, second degree, criminal possession of a controlled substance, third degree, and conspiracy, second degree. The Grand Jury may indict when the People present evidence establishing a prima facie case and that there is reasonable cause to believe that the accused committed the crime to be charged (see, CPL 190.65 [1]; *People v Jennings,* 69 NY2d 103; *People v Dunleavy,* 41 AD2d 717, *affd* 33 NY2d 573; *see also, People v Forde,* 153 AD2d 466). Furthermore, on a motion to dismiss an indictment under CPL 210.20 (1) (b), the reviewing court's inquiry is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause because that inquiry is solely within the province of the Grand Jury *(People v Jennings, supra).* The sufficiency of the People's presentation is properly determined by inquiring whether the evidence, viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by

a petit jury *(see, People v Pelchat,* 62 NY2d 97, 105). A defendant, having moved to dismiss the indictment, bears the burden of making a clear showing that the evidence is insufficient *(People v Howell,* 3 NY2d 672) and, until that burden is met, there is a presumption that the indictment is valid *(People v Forde,* 153 AD2d 466, *supra).*

In the instant case, the People presented evidence that the defendant and codefendant met at an airport in New York City; that codefendant assisted the defendant in the purchase of an airline ticket to Syracuse; that defendant and codefendant sat next to one another on the airplane; that defendant and codefendant exited the plane together at journey's end and took separate cabs to the same address; that codefendant possessed an envelope on which defendant had written his home address; that defendant denied knowing the codefendant following his arrest; and that 2.6 ounces of cocaine were found upon the codefendant following her arrest. In our view, the evidence before the Grand Jury established a prima facie case that there was reasonable cause to believe that defendant committed the crimes charged. Further, it was error for County Court to weigh the evidence and to conclude that defendant's conduct was subject to innocent interpretation *(see, People v Jennings,* 69 NY2d 103, 115, *supra).* (Appeal from order of Onondaga County Court, Mulroy, J.—dismiss indictment.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.