▪ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

ALEXANDER GUZMAN, Respondent.—Order, Supreme Court, Bronx County (Harold Silverman, J.), entered September 12, 1990, which, *inter alia,* granted the omnibus motion of defendant only to the extent of dismissing the first count of indictment number 2247 of 1990, Bronx County, charging the crime of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), is unanimously reversed, to the extent appealed from and as limited by the parties' appellate briefs, on the law and on the facts, motion is denied, and the first count is reinstated.

By indictment number 2247 of 1990, filed April 9, 1990, a Grand Jury charged that, on December 1, 1989, in Bronx County, defendant committed the crimes of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), assault in the first degree (Penal Law § 120.10 [1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).

The People's evidence in support of the indictment consisted of the testimony of Messrs. Will Staten and Phil Schirico, and a medical record.

Mr. Staten testified, in substance, that, on the afternoon of December 1, 1989, he and Mr. Schirico went to a building, located at 1020 Grand Concourse, for the purpose of delivering a television set (TV). According to Mr. Staten, the defendant, who was the doorman of the premises, initially agreed to allow them to bring the TV through the lobby, but after they had started to carry it in, the defendant told them to stop because same was too big. Further, Mr. Staten (victim) stated that, as he turned to get a handcart from his truck to move the TV, defendant stabbed him in the neck with a knife. Thereafter, the victim testified: "When he stabbed me in the neck I looked at him. He came back at me and stabbed me in the back. I had to run I had no weapon I was not going to let him stab me again. He proceeded to chase me down the block stabbing at me, stabbing at me. He had the arm of my coat as I was running and he was stabbing as he was holding me. He kept stabbing at me [and] I got out of my coat that's when he stopped chasing me". Finally, the victim stated that, as a result of a stab wound, blood was gushing from his neck, and subsequently he was taken to Bronx Lebanon Hospital (Hospital), where he remained for approximately five days, and underwent approximately a five hour operation.

Mr. Schirico testified, in substance, that, as he was delivering a 26 inch TV set with the victim, he saw the defendant stab the victim in the neck.

In addition to the eyewitness testimony, *supra,* an Assistant District Attorney presented to the Grand Jury a record from the Hospital, indicating that the victim had been stabbed in the area of the jugular vein and carotid artery.

Following indictment, and arraignment, defendant filed an omnibus motion, seeking, *inter alia,* inspection of the Grand Jury minutes and dismissal of the indictment. By order, entered September 12, 1990, Criminal Term granted that motion only to the extent of dismissing the first count, charging the crime of attempted murder in the second degree. The People appeal.

It is well settled law that Criminal Term's "[r]eview of a motion to dismiss an indictment is limited to a determination of whether the evidence was legally sufficient *(People v Jennings,* 69 NY2d 103, 115). The defendant has the burden of clearly establishing the legal insufficiency of the evidence before the Grand Jury, and the evidence must be examined in a light most favorable to the People *(see, People v Richards,* 128 AD2d 387, 388)" *(People v Colon,* 137 AD2d 440, 441 [1st Dept 1988]). The Court of Appeals, in *People v Mayo* (36 NY2d 1002, 1004 [1975]), held that "[i]n the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt".

Applying the legal authority, *supra,* to the evidence submitted to the Grand Jury, we find that the evidence is legally sufficient to establish the prima facie case of the crime of attempted murder in the second degree against defendant, since that "evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" *(People v Jennings,* 69 NY2d 103, 114 [1986], *supra).* Specifically, the Grand Jury testimony herein indicates that defendant stabbed the unarmed victim in the neck with a knife, cutting the jugular vein and carotid artery, and that thereafter defendant stabbed the victim again in the back. Further, the evidence indicates that the defendant continued to attempt to stab the victim until he managed to get away.

Although it is not necessary to prove injury to the victim in order to convict a defendant of the crime of attempted murder in the second degree *(People v Perez,* 64 NY2d 868, 869 [1985]; *People v Rivera,* 157 AD2d 540, 541-542 [1st Dept 1990], *lv denied* 76 NY2d 795 [1990]), we find that the location of the wound, in the vital area of the jugular vein and carotid artery, is particularly relevant on the issue of whether the defendant intended to murder the victim.

In summary, based upon our legal and factual analysis, *supra,* we find Criminal Term erred in dismissing the first count of the indictment.

Accordingly, we reverse, and reinstate the count charging the crime of attempted murder in the second degree. Concur— Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.