■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO DIAZ, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered February 16, 1988, convicting defendant, after a jury trial, of attempted murder in the second degree, rape in the first degree, sodomy in the

first degree, robbery in the first degree, assault in the first degree, unlawful imprisonment in the first degree, and endangering the welfare of a minor, and sentencing him, as a second violent felony offender, to consecutive terms of imprisonment of 12½ to 25 years for each of the attempted murder, rape, and sodomy convictions, to run concurrently with the sentences of 2 to 4 years for the unlawful imprisonment conviction, 10 to 20 years for the robbery conviction, 7½ to 15 years for the assault conviction, and 1 year for the endangering the welfare of a child conviction, each of which is to run concurrently, unanimously affirmed.

The evidence was legally sufficient to establish defendant's guilt of attempted murder (see, People v Guzman, 180 AD2d 469; People v Gittens, 139 AD2d 591, lv denied 72 NY2d 859).

The court's instruction on identification as a whole adequately conveyed the appropriate principles of law (People v Adams, 69 NY2d 805), properly applied the law to the relevant facts (CPL 300.10 [2]), and provided accurate instructions on the evaluation of credibility (People v Whalen, 59 NY2d 273, 279). Summary denial of defendant's motion to set aside the verdict on the basis of newly discovered evidence was proper, since defendant submitted only a hearsay affidavit that did not comply with CPL 330.40 (2) (a), and did not demonstrate either due diligence in acquiring the new evidence or that the new evidence would have likely affected the verdict. (CPL 330.30 [3]; People v Gomezgil, 135 AD2d 561, 562-563, lv denied 70 NY2d 1006.)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.