◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID O'CONNOR, Respondent. [667 NYS2d 758] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated September 5, 1996, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

By Indictment No. 2382/96, the defendant was accused of attempted robbery in the first degree and criminal possession of a weapon in the third degree in connection with an incident involving a certain victim. The evidence before the Grand Jury consisted of the testimony of the victim regarding the events of the crime, his identification of the defendant, and his observation of the defendant's arrest by the police. We agree with the People's contention that the victim's testimony that he subsequently learned the name of the defendant was not inadmissible hearsay warranting dismissal of the indictment (*see, People v Brewster,* 63 NY2d 419; *People v Brownlee,* 121 AD2d 553). Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.