[688 NYS2d 115]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE CEDENO, Respondent.

First Department, February 18, 1999

### APPEARANCES OF COUNSEL

*Stanley R. Kaplan* of counsel, Bronx (*Joseph N. Ferdenzi* on the brief; *Robert T. Johnson, District Attorney* of Bronx County, attorney), for appellant.

*David M. Goldberg* for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

This is an appeal from the dismissal, following inspection of Grand Jury minutes, of an indictment charging defendant with two counts of robbery in the first degree and related offenses arising out of a knifepoint robbery at an automobile body repair shop, during which the owner and two of his employees were victimized. One of the employees, from whom money was taken, was, according to the indictment, seriously injured when defendant, acting in concert with an unapprehended accomplice, stabbed him.

The following facts are taken from the transcript of the Grand Jury presentation. On March 29, 1997, at approximately 8:18 P.M., Jose Fernandez, the owner of an automobile body shop on Jerome Avenue in the Bronx, and his employees, Alfredo Renoso and Rafael Madera, were present in the shop when defendant and another person entered. Defendant pointed an object at Renoso's back and told him to lie on the floor with his hands on his head. Defendant instructed Fernandez and Madera to do the same. All three victims complied. Stating that he needed money for his daughter's birthday, defendant removed seven dollars from Renoso's hand. Renoso, who noticed that defendant did not have a gun, then got up and struggled with defendant, who, wielding a knife, cut Renoso on the head and hands. Fernandez stood up to defend Renoso but defendant's accomplice pushed him down, telling him not to move. Defendant also cut Fernandez on the left hand. When Madera tried to get up, the other man cut him twice on the buttocks. In the course of his struggle with defen-

dant, Renoso was able to throw defendant to the floor, forcibly detaining him until the police arrived. In his testimony before the Grand Jury, Madera, when asked whether he knew the names of the persons involved in the incident, responded, "Now I know the name of one of them, George Cedeno", the defendant. Fernandez and Renoso answered similarly in response to the same question. None of them knew defendant before the incident.

In granting the motion to dismiss, the court found that, while the evidence established the commission of the crimes charged, the Grand Jury presentation was devoid of any evidence linking defendant to the incident. The court cited the victims' testimony that they did not know defendant before the incident and that none of them testified that defendant was arrested at the scene of the crime immediately after its commission or that they later identified defendant as one of the perpetrators to the police. The court subsequently granted the People's motion to reargue but adhered to its original determination. We reverse the dismissal order and reinstate the indictment.

In holding that there was insufficient evidence of an identification at the arrest or of any identification procedure showing defendant's involvement in the crimes, the motion court failed to apply the proper standard for review of the sufficiency of Grand Jury evidence. A Grand Jury may indict when there is before it competent evidence to establish every element of the crime and the defendant's commission thereof by legally sufficient evidence and reasonable cause to believe that the person charged has committed the crime. (CPL 190.65 [1]; *see, People v Jennings*, 69 NY2d 103, 115.)

" '[I]n the context of the [g]rand [j]ury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt' [citation omitted]." (*People v Deegan*, 69 NY2d 976, 978-979; *see, People v Jennings, supra*, 69 NY2d, at 114-116.) On a CPL 210.20 (1) (b) motion to dismiss the indictment, a reviewing court's inquiry "is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the [g]rand [j]ury." (*Supra,* at 115.) Such a determination turns on the weight and quality accorded the proof by the Grand Jury, the exclusive judge of the facts (CPL 190.25 [5]; *People v Pelchat*, 62 NY2d 97, 105).

In *People v Colon* (137 AD2d 440, 441), this Court reinstated an indictment dismissed on the ground that the Grand Jury presentation was "unclear whether defendant was identified as

the perpetrator * * * since there was no confirmatory identification". There was, however, testimony by a witness who had known defendant for about five years that he observed defendant shoot the victim. We held that the basis for dismissal "did not relate to the sufficiency of the evidence but rather to whether there was reasonable cause to believe defendant committed the crimes charged" (supra, at 441). Quoting People v Jennings (69 NY2d, supra, at 115), this Court made clear that on consideration of a motion to dismiss under CPL 210.20 (1) (b), the reviewing court's inquiry is limited to the legal sufficiency of the evidence; it may not examine the adequacy of the proof to establish reasonable cause " 'since that inquiry is exclusively the province of the [g]rand [j]ury.' " (People v Colon, supra, at 441.)

In dismissing the indictment, the motion court concluded that there was no evidence identifying defendant as the person who committed the crimes. On the contrary, the three eyewitnesses' references to defendant, by name, being one of the perpetrators constitute legally sufficient evidence, and establish reasonable cause to believe, that it was he who committed the crimes charged. In this connection, it should be observed that the usual method of defendant identification in a criminal proceeding, i.e., a corporeal identification, is unavailable in a Grand Jury presentation.

Moreover, even if some measure of identification testimony beyond that directly offered here were necessary, the source of the victim's identification of defendant, by name, can be reasonably inferred from the record itself. Renoso, in recounting his struggle with the perpetrator he identified as George Cedeno, testified, "And I continued wrestling with him until I was able to throw him to the ground. * * * [T]hen the police came." Thus, though none of the prosecution witnesses testified as to how they learned of defendant's identity, it can be readily inferred that they learned of it as a result of the police officers' investigation and apprehension of defendant at the scene. (See, People v Ganett, 68 AD2d 81, affd 51 NY2d 991.) It should be noted that a victim's statement that he subsequently learned the defendant's name does not constitute inadmissible hearsay. (People v O'Connor, 245 AD2d 573, lv denied 91 NY2d 943.)

Accordingly, the order of the Supreme Court, Bronx County (Richard Price, J.), entered on or about October 30, 1997, granting defendant's motion, inter alia, to dismiss the indictment, should be reversed, on the law, the motion denied and the indictment reinstated. The appeal from the order of the same

court and Justice, entered on or about December 17, 1997, granting reargument and, on reargument, adhering to the original determination, should be dismissed as academic.

ROSENBERGER, WALLACH and TOM, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about October 30, 1997, reversed, on the law, defendant's motion to dismiss the indictment denied and the indictment reinstated. Appeal from order, same court, entered on or about December 17, 1997, dismissed as academic.