■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTORIA MOJICA, Appellant. [916 NYS2d 587]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered January 8, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, four counts each of unlawfully dealing with a child in the first degree and endangering the welfare of a child, and two counts of criminally using drug paraphernalia in the second degree, and sentencing her to an aggregate term of five years' probation with 250 hours of community service, unanimously affirmed.

The verdict was based on legally sufficient evidence. Moreover, we find that there was overwhelming evidence that defendant was a possessor of the drugs and paraphernalia found in her apartment during the execution of a search warrant in her presence. Most of the contraband was in the refrigerator and other locations in the kitchen likely to be used by defendant in daily life. The evidence warrants the conclusion that defendant exercised dominion and control, at least jointly with her codefendant, over the contraband (*see* Penal Law § 10.00 [8]; *People v Torres*, 68 NY2d 677 [1986]; *People v Tirado*, 38 NY2d 955 [1976]). The jury could have readily rejected any suggestion that the codefendant somehow sneaked the contraband into the apartment without defendant's knowledge.

The court properly exercised its discretion in permitting the People to ask defendant about uncharged sales made in the apartment. In these sales to an informant, a woman generally matching defendant's description retrieved drugs from the refrigerator. Initially, we note that these questions elicited nothing but denials from defendant. In any event, regardless of their admissibility as part of the People's direct case or as impeachment material, they were at least admissible to refute defendant's testimony that she had no knowledge of any drugs in her apartment. These inquiries were relevant to her knowledge of drug activity in her apartment (*see People v Alvino*, 71 NY2d 233, 242-243 [1987]), and their probative value outweighed any

prejudicial effect. Defendant, citing *People v Robinson* (68 NY2d 541, 544-545 [1986]), argues that the People were required to prove by clear and convincing evidence that she was the person who made the uncharged sales. However, the rule in *Robinson* was limited to situations in which the prosecution seeks to prove identity by way of a distinctive modus operandi. Here, the description of the female member of the drug-selling team, coupled with the location and surrounding circumstances, made it at least highly likely that defendant was this person.

The court properly denied defendant's motion to suppress an incriminating statement she made to her sister, which was overheard by the police. The statement was plainly spontaneous, and was not induced by any actions of the police (*see People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.