# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**485**

**KA 10-02133**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                          MEMORANDUM AND ORDER

JACOB J. MERCER, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR APPELLANT.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), dated July 21, 2010. The order granted, without prejudice, the motion of defendant to dismiss the indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss the indictment is denied, the indictment is reinstated and the matter is remitted to Erie County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment charging him with robbery in the first degree (Penal Law § 160.15 [3]). County Court concluded that the People presented legally insufficient evidence with respect to the identity of the perpetrator. We agree with the People that reversal is required.

"In the context of a motion to dismiss an indictment, the sufficiency of the People's presentation 'is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Galatro*, 84 NY2d 160, 163). The People must establish "that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime . . .[,] and the court is not to weigh the proof or examine its adequacy" (*id*. at 164).

"A person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or [she] . . . [u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]). Here, the evidence before the grand jury

established that a man stole condoms from a grocery store and brandished a knife at two store employees while fleeing the crime scene.  Based on the robbery report and description of the perpetrator from the two store employees, the police located defendant shortly after the robbery in the vicinity of the store.  The officers arrested him and seized the condoms from his person.  A knife matching the description provided by one of the store employees was found in proximity to the location where defendant was apprehended.  At the police station, defendant admitted robbing the store, and one of the store employees identified the knife recovered by the police as the knife that was used in the robbery.  Although the store employees never identified defendant as the perpetrator, the circumstantial evidence, when viewed as a whole, was sufficient for the grand jury to infer that defendant was the perpetrator and that the store employees and the police officers were testifying with respect to the same individual (*see People v Ngor Yip*, 118 AD2d 472, 473-474).  We therefore conclude that the evidence before the grand jury was legally sufficient to support a prima facie case of robbery in the first degree (*see People v Woelfle*, 64 AD3d 1166, 1167-1168, *lv denied* 14 NY3d 846; *Ngor Yip*, 118 AD2d at 473-474).

Entered:  April 29, 2011

Patricia L. Morgan
Clerk of the Court