People v Rada (2019 NY Slip Op 08517)





People v Rada


2019 NY Slip Op 08517


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10434 4518/14

[*1] The People of the State of New York, Respondent,
v
William Rada, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Ronald Alfano of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Ruth Pickholz, J. at nonjury trial and sentencing), rendered May 2, 2016, as amended May 11, 2106 and November 3, 2016, convicting defendant of criminal contempt in the first degree, menacing in the second degree, stalking in the fourth degree, criminal mischief in the fourth degree and aggravated harassment in the second degree, and sentencing him to an aggregate term of two to four years, unanimously affirmed.
The court properly denied defendant's motion to suppress his statement, directed at the victim, who was still present after defendant was arrested, that he was going to kill her. This threat, directed against a person covered by an order of protection, formed the basis of the contempt charge. Here, although the threat was made while defendant was in custody and before he received Miranda warnings, it was plainly spontaneous and not the product of a custodial interrogation (see People v Mojica, 81 AD3d 506, 507 [1st Dept 2011] lv denied 17 NY3d 808 [2011]; People v Read, 74 AD3d 1245, 1246 [2d Dept 2010]).
We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting the first-degree criminal contempt conviction (Penal Law § 215.51[b][v]). The evidence, viewed as a whole, supports the conclusion that defendant made a true threat of violence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK