People v Webb (2025 NY Slip Op 02165)

People v Webb

2025 NY Slip Op 02165

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Friedman, Kapnick, Rodriguez, Rosado, JJ. 

Ind No. 1541/12|Appeal No. 4098-4098A|Case No. 2021-01215, 2018-1198|

[*1]The People of the State of New York, Respondent,
v
Michael Webb, Appellant. 

Twyla Carter, The Legal Aid Society, New York (Simon Greenberg of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Anne Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered August 22, 2016, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 17 years to life, unanimously affirmed. Order, same court and Justice, entered on or about December 23, 2020, denying defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.
Defendant challenges the sufficiency of the evidence presented to the grand jury. However, his challenge is foreclosed by the subsequent jury verdict which was based on legally sufficient evidence (see CPL 210.30[6]).
To the extent defendant challenges the integrity of the grand jury process, based on the prosecutor's introduction of allegedly inadmissible hearsay evidence, we find no error warranting dismissal of the indictment. That portion of the witness's testimony which concerned how he eventually learned defendant's identity did not constitute inadmissible hearsay (see People v Brewster, 63 NY2d 419, 422-423 [1984]; People v Cedeno, 252 AD2d 307, 310 [1st Dept 1999], lv dismissed 93 NY2d 1015 [1999]; People v O'Connor, 245 AD2d 573, 573 [2d Dept 1997], lv denied 91 NY2d 943 [1998]). We note that this witness did not specifically testify about how it was that he learned of defendant's identity (cf. People v Gordon, 101 AD3d 1473, 1474 [3d Dept 2012]; People v Wilson, 101 AD3d 764, 765 [2d Dept 2012], lv denied 20 NY3d 1066 [2013]). It would be speculative on this record to conclude how he obtained this information, including whether he had an independent, nonhearsay basis for discovering defendant's identity. Otherwise, the record does not establish any basis to conclude that the integrity of the grand jury process was impaired (see generally People v Huston, 88 NY2d 400, 409-410 [1996]).
The court properly determined that defendant received effective assistance of counsel under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 U.S. 668 [1984]). Defendant did not show that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The court providently exercised its discretion in permitting the People to elicit testimony of a witness who was robbed by both of the codefendants as well as a third man matching the description of defendant, shortly before the robbery and shooting involved in this case. Such resemblance testimony was relevant to the issue of identity (see People v Hightower, 104 AD3d 510, 510 [1st Dept 2013], lv denied 21 NY3d 1004 [2013]; People v Mojica, 81 AD3d 506, 506-507 [1st Dept 2011], lv denied 17 NY3d 808 [2011]; People v Sanders, 108 AD2d 316, 319 [2d Dept 1985] affd 66 NY2d 906 [1985]), and the probative value of such testimony outweighed the prejudicial effect. We also find that the court properly concluded, as [*2]a threshold matter, that the evidence was sufficient to permit such testimony (see People v Robinson, 68 NY2d 541, 549-550 [1986]; Mojica, 81 AD3dat 506-507). This evidence included detailed testimony about the third perpetrator of the prior robbery, the description of whom closely matched defendant, as well as other evidence of the location and various surrounding circumstances linking him to that robbery.
The court also providently exercised its discretion in allowing the People to elicit testimony concerning recorded phone calls between defendant and another individual while defendant was in custody. Defendant's statements in these calls were relevant, as they may be reasonably interpreted as evidencing his consciousness of guilt, and any ambiguities in his statements were a matter for the jury to consider (see People v Velez, 117 AD3d 517, 518 [1st Dept 2014], lv denied 24 NY3d 1123 [2015]). We also find that the probative value of such evidence outweighed the prejudicial effect, and that any potential prejudice was limited by the court's issuance of an appropriate limiting instruction (see People v Kims, 24 NY3d 422, 439 [2014]).
Defendant's claim that the court allowed one individual to submit a victim impact statement that it should not have is unpreserved, and we decline to consider it in the interest of justice. As an alternative holding, we find that even assuming that defendant is correct that the witness who testified about the prior robbery should not have
submitted a victim impact statement to the court, any error would be harmless (see People v Rogers, 156 AD3d 1350, 1351 [4th Dept 2017], lv denied 31 NY3d 986 [2018]).
We perceive no basis to reduce defendant's sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025