Memorandum.
The judgment should be reversed and the complaint dismissed, with costs in all courts. Where the evidence as to the cause of the accident which injured plaintiff is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury. (Hoffman v. King, 160 N. Y. 618, 628; Gralton v. Oliver, 277 App. Div. 449, 454, affd. 302 N. Y. 864; Bolsenbroek v. Tully & Di Napoli, 12 A D 2d 376, affd. 10 N Y 2d 960.) This court has consistently held that the negligence complained of must have caused the occurrence of the accident from which the injuries flow. (Storrs v. City of Utica, 17 N. Y. 104; Applebee v. State of New York, 308 N. Y. 502.) It is clear in the present case that the condition of the bathtub’s plumbing was not the proximate cause of the accident. The hot water created the specific injuries for which damages were sought and determined the gravity of the consequences resulting from the accident, but it did not cause the intervening act which was not foreseeable. (Barney v. Habern Realty Corp., 281 App. Div. 278, affd. 306 N. Y. 820.) The accident was caused by the slipping of a wet boot while the child balanced on the curved edge of the bathtub. (Lefkowitz v. Greenwich Sav. Bank, 293 N. Y. 711.)
Judges Fuld, Froessel, Burke and Foster poncur in Memorandum; Chief Judge Desmond and Judges Dye and Van Voorhis dissent and vote to affirm upon the ground that the record presents questions of fact as to causation and foreseeability.
Judgment reversed, etc.