ALEX VINOGRADOV et al., Appellants, v CLICQUOT CLUB COMPANY, Defendant and Third-Party-Plaintiff, and HORIX MANUFACTURING Co., INC., Defendant and Third-Party Plaintiff-Respondent. LINCOLN FRUIT JUICES, Third-Party Defendant-Respondent.

Third Department, January 27, 1977

*Miller, Moran & Spiegel (Donald D. Brown, Jr.* of counsel), for appellants.

*Cook & Tucker, P. C. (Francis X. Tucker* of counsel), for defendant and third-party plaintiff-respondent.

*McCann, Ahern & Sommers, P. C. (Donald H. McCann* of counsel), for third-party defendant-respondent.

SWEENEY, J. P. This personal injury action arose out of an accident which occurred on October 27, 1970 when plaintiff Alex Vinogradov slipped on a wet floor while inspecting a machine and caught his hand between a chain and sprocket, sustaining the loss of several fingers. The machine was manufactured by defendant Horix Manufacturing Co., Inc. (Horix) for Clicquot Club Company and later sold to third-party defendant Lincoln Fruit Juices (Lincoln), plaintiff's employer.

The injured plaintiff and his wife brought an action against Horix and Clicquot Club alleging negligence, strict liability, breach of warranty and breach of contract. The defendants thereafter commenced a third-party action against Lincoln. Prior to presenting their proof, plaintiffs abandoned the breach of contract cause of action and consented to a dismissal as to Horix on the breach of warranty. At the close of plaintiffs' proof, the court dismissed all remaining causes of action against Clicquot and all except that based on negligence against Horix. The jury returned a verdict against Horix and apportioned liability as 75% against Lincoln and 25% against Horix. The court, relying on *Rivera v City of New York* (11 NY2d 856), set aside the verdict on the ground that the sole proximate cause of the accident was not the failure of Horix to properly guard the chain and sprocket, but

rather the wet floor which caused plaintiff to slip. This appeal ensued.

The machine was a conveyor type and moved bottles out of a cooling unit to a labeling machine. It consisted of two parallel conveyor chains about six inches wide on which the bottles rode. In the process some of the sticky liquid in the bottles would spill on the chain causing problems. It was suggested by Horix, the manufacturer, that the chain be lubricated by the dripping of soapy water on it, and pursuant to this suggestion, plaintiff contrived a means of having a soapy solution drip on the moving chain. Since there was no device to catch the water as it dripped from the chain, it fell on the floor, causing the slippery condition.

The issue to be resolved is whether plaintiff established any negligence on the part of Horix which was a proximate cause of the accident. It is axiomatic that there may be more than one proximate cause. While *Rivera v City of New York (supra),* relied upon by the trial court, is somewhat similar factually to the instant case, there is one striking difference that distinguishes it. We are here dealing with the negligence of a manufacturer which was not the situation in *Rivera.* The defendant Horix made the machine and put it on the market. To resolve the question of proximate cause we must concern ourselves with the duty imposed on a manufacturer and his ability to foresee the resultant danger *(Stanton v State of New York* 29 AD2d 612, affd 26 NY2d 990).

Recently, in *Micallef v Miehle Co., Div. of Miehle-Goss Dexter* (39 NY2d 376), the Court of Appeals analyzed these questions and articulated much that is helpful here. In *Micallef* the court stated (pp 385-386), "a manufacturer is obligated to exercise that degree of care in his plan or design so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when the product is used in the manner for which the product was intended [citations omitted], as well as an unintended, yet reasonably foreseeable use [citations omitted]". Under this rule, we do not consider it fatal to plaintiffs' case that the injured plaintiff was inspecting the machine while it was being operated for inspection purposes and not for the purpose of carrying bottles from the cooler to be labeled.

The record reveals that an expert in the field of plant and machinery safety testified, in substance, that a machine consisting of chains and sprockets is generally required to be

guarded and that adequate guard means for this type of apparatus were available and in use throughout the industry. Such testimony, in light of *Micallef,* raised issues for the jury and it could have reasonably concluded that defendant breached a duty owed to plaintiffs.

We pass to the next prong of the problem, which is whether or not defendant could have reasonably foreseen the happening of the accident. Expressions by the court of what was foreseeable in other cases is of little assistance. Foreseeability depends upon the peculiar facts and circumstance of each case. On this issue the record reveals that the defendant suggested a soapy solution be dripped on the chain. The machine was not provided with any device for catching the liquid as it fell from the chain to the floor. Aware of the purpose and the operation of the machine, it is reasonable to conclude that defendant knew workmen would be in the area and that from time to time it would be necessary to inspect the machine while in operation. These facts and circumstances presented questions of fact on the issue of foreseeability. Based on the record, we are of the opinion that the jury could properly conclude, as it implicitly did, that the accident was foreseeable and that Horix was guilty of negligence which was a proximate cause of the injuries sustained by plaintiff. Consequently, the court, in our view, improperly set the verdict aside and dismissed the complaint, and its determination must be reversed and the jury verdict reinstated.

The judgment should be reversed, on the law and the facts, with costs; the motion should be denied and the verdict reinstated.

KANE, MAHONEY, MAIN and LARKIN, JJ., concur.

Judgment reversed, on the law and the facts, with costs; motion denied and verdict reinstated.