■ LAWRENCE E. KUGEL, Individually and as Administrator of the Estate of STEPHANIE KUGEL, an Infant, Deceased, et al., Respondents-Appellants, v MID-WESTCHESTER INDUSTRIAL

PARK, INC., Respondent, and BARBARA ROONEY, Individually and as Mother and Natural Guardian of THOMAS ROONEY, an Infant, et al., Appellants-Respondents.—In a negligence action to recover damages for personal injuries, etc., the defendant Barbara Rooney, individually and as the mother and natural guardian of Thomas Rooney, appeals, and the plaintiffs, Lawrence E. Kugel and Lydia F. Kugel, cross-appeal, from stated portions of an order of the Supreme Court, Westchester County (Slifkin, J.), dated May 10, 1985, which granted the plaintiffs' motion to set aside the jury verdict to the extent of setting aside the jury verdict on the issue of damages and granting a new trial solely on that issue, and otherwise denying the motion.

Ordered that the order is modified, on the law, by (1) deleting the first and third paragraphs thereof, and (2) striking from the second paragraph thereof the words "except as hereinabove set forth the motion is in all other respects denied, and it is further", and substituting therefore the words "the motion is denied". As so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs, and the jury's verdict on the issue of damages is reinstated.

It is well established that a court should not set aside a jury verdict unless the jury could not have reached its verdict on any fair interpretation of the evidence (see, Delgado v Board of Educ., 65 AD2d 547, affd 48 NY2d 643). In the instant case, the trial court erred in setting aside the jury verdict that the plaintiffs did not suffer any damages.

The Court of Appeals in Bovsun v Sanperi (61 NY2d 219), held that where a defendant's conduct is negligent in creating an unreasonable risk of bodily harm to the plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence, the plaintiff may recover damages for such injuries. However, the court also indicated that any such emotional disturbance suffered "must be serious and verifiable", and that "the compensable emotional distress must be tied, as a matter of proximate causation, to the observation of the serious injury or death of the family member and such injury or death must have been caused by the conduct of the defendant" (Bovsun v Sanperi, supra, at 231-232). In the instant case, the jury could have reasonably interpreted the evidence

to indicate that the plaintiffs did not suffer any serious emotional distress from their *observations* of the death of the infant, but that any emotional distress suffered resulted from the grief that the child died. The court thus erred in setting aside the jury's verdict. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.