■ CHANG-LEI CHENG, Individually and as Executrix of WEI CHENG, Deceased, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [624 NYS2d 268] —In an action to recover damages for personal injuries, etc.,

the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered December 3, 1992, as, after a nonjury trial, dismissed the complaint insofar as it is asserted against the defendant Long Island Rail Road.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's decedent, Wei Cheng, was a passenger on a Long Island Rail Road (hereinafter the LIRR) train going from New York City to Huntington. When a fire occurred in the wheels of the last train car, the train was stopped approximately one mile west of the Huntington station. After leaving the train, Wei Cheng, along with 50 to 100 other passengers, walked on the tracks to the Huntington station. Other passengers remained on the train or remained at the site of the delay and later re-boarded the train, which ultimately proceeded to the Huntington station. The plaintiff claims that as a result of Wei Cheng's exertion during the walk, he suffered a heart attack which led to his death. After a nonjury trial, the Supreme Court, *inter alia,* dismissed the complaint insofar as it is asserted against the LIRR. We affirm.

The plaintiff failed to establish that Wei Cheng's heart attack and his death were caused by any breach of any duty on the part of the LIRR to Wei Cheng, or were reasonably foreseeable *(see generally, Rivera v City of New York,* 11 NY2d 856; *Wertheim v United States Tennis Assn.,* 150 AD2d 157). Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.