■ PATRICIA MONACO et al., Appellants, v HARRAN's TRANSPORTATION Co., INC., et al., Respondents, et al., Defendant. [632 NYS2d 814] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered May 20, 1994, as granted the branch of the motion of the defendant Harran's Transportation Co., Inc., and John Cantidate, sued herein as John Smith, which was for summary judgment dismissing the complaint as against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, Patricia and Edward Monaco, sued, among others, the defendant Harran's Transportation Co. and its bus driver, John Cantidate (hereinafter collectively Harran's) to recover damages for personal injuries to Patricia Monaco resulting from her slip and fall on a bus platform outside a casino in New Jersey. The Supreme Court, applying New Jersey law, dismissed the complaint against Harran's on the ground that Harran's, as a common carrier, had not breached its duty of ordinary care to Mrs. Monaco, as she was not yet engaged in boarding the bus. We now affirm.

The appellants do not challenge the court's finding that New Jersey law applied. It is well settled under New Jersey law that a duty of ordinary care is imposed on a common carrier with regard to sidewalks, streets, loading platforms, or other places of ingress and egress to and from the carrier (*see, Kantonides v KLM Royal Dutch Airlines*, 802 F Supp 1203; *Buchner v Erie R. R. Co.*, 17 NJ 283, 111 A2d 257; *Horelick v Pennsylvania R. R. Co.*, 13 NJ 349, 99 A2d 652; *Sullivan v La Frade*, 14 NJ Misc 482, 185 A 665, *affd* 117 NJL 442, 189 A 365; *Seckler v Pennsylvania R. R. Co.*, 113 NJL 299, 174 A 501; *Sandler v Hudson & M.R. Co.*, 8 NJ Misc 537, 151 A 99, *affd* 108 NJL 203, 156 A 459). We are unpersuaded by the plaintiffs'

arguments that Harran's owed Mrs. Monaco a duty of extraordinary care, as she was not, at the time of her injury, a passenger aboard or in the act of boarding a bus operated by Harran's (*cf., D'Amico v Great Am. Recreation*, 265 NJ Super 496, 627 A2d 1164; *Ricci v American Airlines*, 226 NJ Super 377, 544 A2d 428; *Kovacs v Pennsylvania R. R. Co.*, 76 NJ Super 451, 184 A2d 873; *Carter v Public Serv. Coord. Trans.*, 47 NJ Super 379, 136 A2d 15; *Harpell v Public Serv. Coord. Transp.*, 20 NJ 309, 120 A2d 43). Moreover, the bus driver acted with the requisite standard of ordinary care in providing a safe means of ingress to the bus (*see, Seckler v Pennsylvania R. R. Co., supra*). Finally, even if a breach of a duty on the part of the bus driver was proved, there is no showing that such a breach was the proximate cause of the accident as, by her own testimony, Mrs. Monaco was not certain of the cause of her fall from the loading berth (*see, Draney v Bachman*, 138 NJ Super 503, 351 A2d 409).

Accordingly, as no issue of fact remains regarding the liability of Harran's for Mrs. Monaco's injuries, the complaint was properly dismissed insofar as asserted against Harran's and John Cantidate (*see, Sejut v Town of Islip*, 215 AD2d 548; *Chang-Lei Cheng v Metropolitan Transp. Auth.*, 213 AD2d 581). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.