MICHAEL J. FONZI, Individually and as Administrator of the Estate of DAWN FONZI, Deceased, Respondent-Appellant, v JOHN R. BEISHLINE, JR., et al., Defendants, and RAYMOND E. KELLEY, INC., et al., Appellants-Respondents. [705 NYS2d 470] —Order unanimously affirmed without costs. Memorandum: Alling and Cory Company (Alling) hired Raymond E. Kelley, Inc. (Kelley) (collectively defendants) to perform restoration work on the facade of the building owned by Alling. Kelley had obtained building permits that allowed it to barricade a portion of the sidewalk, but required Kelley to provide a pedestrian walkway. The sidewalk was barricaded, but without a walkway. As plaintiff and his wife (decedent) were walking on the sidewalk adjacent to the building, they approached the

barricaded portion of the sidewalk, "[t]hey could have done one of three things: [w]alked out in the street around the [obstruction], or crossed the street, whenever traffic permitted, or turned back, and gone somewhere else" (*O'Neill v City of Port Jervis*, 253 NY 423, 427). They crossed the street, and upon reaching the center of the street, decedent was struck by a motorcycle. She died several hours later.

Defendants each moved for summary judgment dismissing the amended complaint, and plaintiff cross-moved for summary judgment on liability. Supreme Court properly granted those parts of defendants' motions seeking summary judgment dismissing the Labor Law claims and denied plaintiff's cross motion. The issue whether defendants' conceded breach of duty in failing to provide a pedestrian walkway was a proximate cause of the accident is for jury resolution (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314-315, *rearg denied* 52 NY2d 784; *see also, O'Neill v City of Port Jervis, supra,* at 433-435). The test for proximate cause is "whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [defendant's] negligence" (*Mirand v City of New York*, 84 NY2d 44, 50). The contention of defendants that they are absolved of liability because plaintiff and decedent chose to cross the street rather than walk along the curb is unavailing. Plaintiff is not required to establish that the precise manner in which the accident occurred was foreseeable (*see, Gonzalez v City of New York*, 148 AD2d 668, 672, *lv denied* 74 NY2d 608, citing *Derdiarian v Felix Contr. Corp., supra,* at 315). "Whether defendant[s] legally caused [decedent's] injury and death depends on whether they were reasonably foreseeable risks stemming from defendant[s'] conduct" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329, *rearg denied* 77 NY2d 990).

We reject the further contention of defendants that they are entitled to summary judgment dismissing the cause of action for negligent infliction of emotional distress. Plaintiff was in the zone of danger and observed the death of a member of his immediate family. Defendants failed to meet their initial burden of submitting evidence in admissible form that plaintiff did not suffer emotional distress based on the observation of the death (*see, Bovsun v Sanperi*, 61 NY2d 219, 231), not merely the grief related to the death (*see, Kugel v Mid-Westchester Indus. Park*, 127 AD2d 632, 633-634).

We also reject the contention of defendants that they were entitled to summary judgment dismissing the cause of action

for decedent's pain and suffering. Defendants met their initial burden by submitting evidence in admissible form that decedent did not regain consciousness after her head hit the pavement. In opposition, plaintiff presented proof that decedent attempted to speak and opened her eyes, thereby raising an issue of fact whether decedent had some level of awareness after the accident such that conscious pain and suffering could be established (*see, McDougald v Garber*, 73 NY2d 246, 255).

We reject the contention of plaintiff on the cross appeal that the court erred in dismissing the claims under Labor Law §§ 200 and 241 (6) because he and decedent were lawfully frequenting the premises. Neither plaintiff nor decedent was employed by defendants, nor was either permitted or suffered to work on the site (*see, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577). (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.