■ CHARLES MIECZNIKOWSKI, Individually and as Parent and Natural Guardian of STEVEN MIECZNIKOWSKI, an Infant, Appellant, v DOROTHY R. DERSAM ROBIDA, Defendant, and JASON ROMMEL, Respondent. [723 NYS2d 580] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking to recover damages for personal injuries sustained by his nine-year-old son, Steven Miecznikowski, while walking home from school with his acquaintance, 11-year-old Jason Rommel (defendant). Defendant allegedly swung his gym bag or book bag and Steven, in an alleged attempt to avoid being hit by it, ran from the sidewalk out into the street, where he remained until he was struck by a vehicle driven by defendant Dorothy R. Dersam Robida. Plaintiff appeals from that part of an order granting the cross motion of defendant for summary judgment dismissing the complaint against him on the ground that Steven's act of entering and remaining in the street, without keeping a proper lookout for traffic, was as a matter of law a supervening cause of Steven's injuries.

Supreme Court properly granted defendant's cross motion. In order for plaintiff to recover from defendant, "the negligence complained of must have caused the occurrence of the accident from which the injuries flow" (*Rivera v City of New York*, 11 NY2d 856, 857, *rearg denied* 11 NY2d 1016, 12 NY2d 715). "Where the evidence as to the cause of the accident which

injured plaintiff is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury" (*Rivera v City of New York, supra,* at 857; *see also, Bell v Board of Educ.,* 90 NY2d 944, 946). "In these circumstances, a superseding act * * * break[s] the causal nexus * * * [if] it is 'an intervening act * * * extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct' " (*Kriz v Schum,* 75 NY2d 25, 36, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

Applying that test, we conclude as a matter of law that the causal nexus between defendant's alleged negligence and Steven's injuries was severed by Steven's supervening act of running out into the road and remaining there (*see, Egan v A.J. Constr. Corp.,* 94 NY2d 839, 841; *cf., Kriz v Schum, supra,* at 36-37). That intervening act was extraordinary and unforeseeable in the normal course of events because, under the circumstances, it was not a reasonable reaction or response by plaintiff to the perceived risk of injury attendant to defendant's conduct. Moreover, the injuries that resulted from plaintiff's extraordinary, independent, and unforeseeable act "were entirely different in character from any that would have resulted" from defendant's alleged act of negligence (*Martin v Lazaroff,* 48 NY2d 819, 820; *see generally, Santiago v New York City Hous. Auth.,* 63 NY2d 761, 762-763; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 952, *mot to amend remittitur granted* 46 NY2d 770; *Rodriguez v Pro Cable Servs. Co. Ltd. Partnership,* 266 AD2d 894, 895). "[W]hen such an intervening cause 'interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the original act or omission, and produces a different result that could not have been reasonably anticipated,' it will prevent a recovery on account of the act or omission of the original wrongdoer (1 Warren's New York Negligence, § 5.08, p 122; *see, also, Leeds v New York Tel. Co.,* 178 NY 118, 121-122; cf *McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62)" (*Sheehan v City of New York,* 40 NY2d 496, 503-504). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.