■ Amelia DiMauro et al., Appellants, v Trump's Castle Associates Limited Partnership, Respondent. [750 NYS2d 883] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 23, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court, dated March 26, 2002, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 23, 2001, is dismissed, as that order was superseded by the order dated March 26, 2002, made upon reargument; and it is further,

Ordered that the order dated March 26, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

After alighting from a shuttle bus, the plaintiff Amelia DiMauro allegedly was injured when she fell from the curb of a platform outside the defendant's casino in New Jersey. She and her husband, asserting a derivative claim, commenced this action to recover damages arising from negligence. The Supreme Court, applying New Jersey law, granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

In opposition to the defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact either that the defendant breached a duty owed them as a common carrier (*see Monaco v Harran's Transp. Co.*, 220 AD2d 564; *Buchner v Erie R.R. Co.*, 17 NJ 283, 111 A2d 257) or that the alleged negligence in the supervision and/or control of the platform area was a proximate cause of the injuries (*see Monaco v Harran's Transp. Co., supra; Thurber v Skouras Theatres Corp.*, 112 NJL 385, 170 A 863). Thus, the defendant was properly granted summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Friedmann, Luciano and H. Miller, JJ., concur.