◼ VINCENT L. DiNATALE et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, et al., Defendants. (Action No. 1.) JAMES P. McCABE, II, et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, et al., Defendants. (Action No. 2.) YVONNE UBAYDAH, Individually and as Administrator of the Estate of CHRISTOPHER J. ROGALSKI, Deceased, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, et al., Defendants. (Action No. 3.) GERALD A. SEWAR, Individually and as Administrator of the Estate of CHARLENE SEWAR, Deceased, Respondent, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants, et al., Defendants. (Action No. 4.) [774 NYS2d 233]—

Appeals from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 21, 2003. The order, inter alia, denied the motions of defendants State Farm Mutual Automobile Insurance Company, Carl E. Molin, Jr., Thomas H. Brown, Sr., Carstar Collision of Amherst, Inc., Michael F. Graziadei, Jean L. Graziadei, Monica Frankish, and Wei Tsu Wang for summary judgment dismissing the complaints and cross claims against them in personal injury and/or wrongful death actions.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by granting the motions of defendants State Farm Mutual Automobile Insurance Company, Carl E. Molin, Jr. and Thomas H. Brown, Sr. and dismissing the complaints and cross claims against them and as modified the order is affirmed without costs.

Memorandum: Before us are appeals by three sets of defendants, all of whom have been named in each of four separate actions brought to recover damages for personal injury and/or wrongful death. The complaints allege that the appealing defendants, owners and/or occupants of certain parcels situated along Niagara Falls Boulevard (Boulevard) in the Town of Amherst (Town), failed to shovel the sidewalk abutting their respective properties, thereby forcing plaintiff James P. McCabe, II and the decedents of the remaining plaintiffs to walk in the Boulevard, resulting in their being injured or killed when struck by a vehicle. The complaints allege liability on the part of the appealing defendants based upon their alleged negligence and violation of a Town ordinance requiring any "owner or occupant of any premises fronting or abutting on any street or highway" to "maintain any sidewalk abutting the premises" by keeping it "free and clear" from snow and ice, and imposing liability on such owner or occupant "for any injury or damage by reason of omission or failure to . . . remove snow" or ice (Amherst Town Code § 83-9-5 [5-1]).

We note that the record does not allow us to determine the precise point of impact. The record variously indicates, however, that the accident occurred in front of a parcel located on the northeast corner of the Boulevard and Hennepin Drive and

owned by defendants Michael F. Graziadei and Jean L. Graziadei and leased to defendant Carstar Collision of Amherst, Inc. (Carstar); in front of a parcel located on the southeast corner of that same intersection and owned by defendants Monica Frankish and Wei Tsu Wang; or opposite the opening of Hennepin Drive, i.e., between the aforementioned two parcels. The record thus establishes that the impact occurred at a point at least 100 feet removed from a parcel located north of the Carstar shop and owned by defendants Carl E. Molin, Jr. and Thomas H. Brown, Sr. and leased to defendant State Farm Mutual Automobile Insurance Company (State Farm).

Supreme Court properly denied the motions of Carstar, the Graziadeis, Frankish and Wei for summary judgment dismissing the complaints and cross claims against them. There are triable issues of fact whether, by allegedly failing to carry out their obligations under the Town Code, those defendants breached a duty of due care to the accident victims, and whether those defendants' alleged negligence was a proximate cause of the injuries and fatalities (*see Gil v 75-89 Assoc.,* 289 AD2d 5 [2001]; *Fonzi v Beishline,* 270 AD2d 912, 913 [2000]; *see also O'Neill v City of Port Jervis,* 253 NY 423, 431-435 [1930]). A trier of fact reasonably could conclude that the accident occurred "by reason of" the alleged failure of those defendants to clear their respective sidewalks, thus forcing the victims to walk inside the curb of the Boulevard to the point of impact (Amherst Town Code § 83-9-5 [5-1]).

We reach a different conclusion, however, with respect to the motions of State Farm, Molin and Brown for summary judgment dismissing the complaints and cross claims against them. The record establishes that the victims had walked fully past the State Farm parcel, evidently by 100 feet or more, by the time the accident occurred. It cannot be concluded that the victims eventually passed in the Boulevard in front of or between the other two parcels to the point of impact "by reason of" the obstruction of the sidewalk in front of the State Farm parcel. We thus conclude that, as a matter of law, there was no causal nexus between the alleged negligence of State Farm, Molin and Brown and the injuries and fatalities (*see Miecznikowski v Robida,* 278 AD2d 793, 794 [2000], *lv denied* 96 NY2d 709 [2001]). We therefore modify the order by granting the motions of State Farm, Molin and Brown and dismissing the complaints and cross claims against them.

All concur except Gorski and Lawton, JJ.

Gorski, J., dissents in part and votes to affirm in the following memorandum. I respectfully dissent in part and would af-

firm that part of the order denying summary judgment to the appealing defendants. I agree with the majority that Supreme Court properly denied the motions of defendants Carstar Collision of Amherst, Inc., Michael F. Graziadei, Jean L. Graziadei, Monica Frankish and Wei Tsu Wang for summary judgment dismissing the complaints and cross claims against them because there are triable issues of fact whether those defendants breached a duty of due care to the accident victims and whether the alleged negligence of those defendants was a proximate cause of the injuries and fatalities. However, I disagree with the majority's conclusion that, as a matter of law, there was no causal nexus between the alleged negligence of defendants State Farm Mutual Automobile Insurance Company (State Farm), Carl E. Molin, Jr. and Thomas H. Brown, Sr. and the injuries and fatalities. The issue whether the conceded failure of those defendants to keep the sidewalk abutting their properties clear of ice and snow, in violation of a Town ordinance (Amherst Town Code § 83-9-5 [5-1]), was a proximate cause of the accident is for a jury to resolve (see Fonzi v Beishline, 270 AD2d 912, 913 [2000]). "The test for proximate cause is 'whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [defendants'] negligence' " (id.). There is evidence in the record that the accident victims were denied access to the sidewalk when they first approached it adjacent to the State Farm, Molin and Brown properties and that being turned away from the safety of the sidewalk at that time was the initial impetus for their being in the roadway. Based on that evidence, the trier of fact could conclude that the presence of the accident victims in the roadway at the point of impact was a foreseeable consequence of State Farm's, Molin's and Brown's breach of duty in failing to comply with the ordinance requiring sidewalks to be cleared of ice and snow (see Ernest v Red Creek Cent. School Dist., 93 NY2d 664 [1999]; Fonzi, 270 AD2d at 913). Because the issues of foreseeability and proximate cause are fact-laden questions, it is my view that those issues should be resolved at trial (see Fonzi, 270 AD2d at 913).

Lawton, J., dissents in part in accordance with the following memorandum. I respectfully dissent in part. I concur with the majority that defendants State Farm Mutual Automobile Insurance Company, Carl E. Molin, Jr. and Thomas H. Brown, Sr. are not liable for the injuries of plaintiff James P. McCabe, II and the decedents of the remaining plaintiffs. I would go further, however, and hold that there is no duty owed to any pedestrian under circumstances such as these with respect to injuries and

fatalities occurring away from the landowners' property or right-of-way. The Town ordinance defines the applicable zone of duty as "any sidewalk abutting the premises" (Amherst Town Code § 83-9-5 [5-1]). The accident victims were not injured on "any sidewalk" but, rather, were injured in the street. Because in my view there is no duty owed by any of the defendants, there can be no liability and it is therefore unnecessary to address the troublesome issues of proximate cause and foreseeability present in this case (*see Bacon v Mussaw*, 167 AD2d 741 [1990]). Consequently, I would modify the order by granting the motions of the appealing defendants for summary judgment and dismissing the complaints and cross claims against them. Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.