◼ YVONNE UBAYDAH, Individually and as Administrator of the Estate of CHRISTOPHER J. ROGALSKI, Deceased, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants, and TIM HORTON'S, a Wholly Owned Subsidiary of WENDY'S INTERNATIONAL, INC., et al., Respondents. (Action No.

1.) JAMES P. McCABE, II, et al., Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants, and TIM HORTON'S, a Wholly Owned Subsidiary of WENDY'S INTERNATIONAL, INC., et al., Respondents. (Action No. 2.) VINCENT DINATALE et al., Individually and as Administrators of the Estate of AMY LYNN DINATALE, Deceased, Appellants, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants, and TIM HORTON'S, a Wholly Owned Subsidiary of WENDY'S INTERNATIONAL, INC., et al., Respondents. (Action No. 3.) GERALD A. SEWAR, Individually and as Administrator of the Estate of CHARLENE SEWAR, Deceased, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants, and TIM HORTON'S, a Wholly Owned Subsidiary of WENDY'S INTERNATIONAL, INC., et al., Respondents. (Action No. 4.) [778 NYS2d 618]—

Appeals from an order of the Supreme Court, Erie County, (Frank A. Sedita, Jr., J.), entered March 21, 2003. The order, insofar as appealed from, granted the motions of defendants Kelton Enterprises, LLC, doing business as Tim Horton's, and Buffalo-Parkton Associates, LLC to dismiss the complaints and cross claims against them and granted the cross motions of defendant Tim Horton's, a wholly owned subsidiary of Wendy's International, Inc., for summary judgment dismissing the complaints and cross claims against it in personal injury and/or wrongful death actions.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from separate parts of the same order on appeal in *DiNatale v State Farm Mut. Auto. Ins. Co.* (5 AD3d 1123 [2004]). Plaintiffs contend herein that Supreme Court erred in dismissing all of the complaints and cross claims, "in their entirety [and] on the merits," on the various motions and cross motions of defendants-respondents herein (Tim Horton's defendants). The Tim Horton's defendants are the owner/lessor, franchiser/lessee and franchisee/sublessee, respectively, of a restaurant located on the west side of Niagara Falls Boulevard (Boulevard) in the Town of Tonawanda, directly across the Boulevard from the building leased to defendant

State Farm Mutual Automobile Insurance Company (State Farm parcel) described in our decision in the prior appeal. The complaints allege that the Tim Horton's defendants failed to clear the sidewalk abutting their property of snow and ice, thereby forcing plaintiff James P. McCabe, II and the decedents of the remaining plaintiffs to walk in the Boulevard, resulting in their being injured or killed when struck by a vehicle.

The court properly granted the motions and cross motions of the Tim Horton's defendants. Although only one of the Tim Horton's defendants moved pursuant to CPLR 3212 while the other two moved pursuant to CPLR 3211 (a) (7), all of the parties submitted "facts and arguments clearly indicating that they were deliberately charting a summary judgment course" (*Carcone v D'Angelo Ins. Agency,* 302 AD2d 963, 963 [2003] [internal quotation marks omitted]). We thus conclude that the court properly treated all of the motions and cross motions as in effect seeking summary judgment (*see Clark v State of New York* [appeal No. 2], 302 AD2d 942, 944 [2003]).

Concerning the merits of the complaints against the Tim Horton's defendants, we note that the accident victims exited the Tim Horton's restaurant on the Tonawanda side of the Boulevard and found the sidewalk in front of the restaurant and the sidewalks to the south blocked with snow and ice. The accident victims then crossed the four-lane Boulevard toward the State Farm parcel to the east and found that the sidewalks at that location and to the south were likewise blocked with snow and ice. They then walked south in the Boulevard some 200 feet to the point of impact. It thus cannot be concluded that the victims were injured or killed as a consequence of any obstruction of the sidewalk in front of the Tim Horton's property (*see DiNatale,* 5 AD3d at 1125). We thus conclude that, as a matter of law, there was no causal nexus between the alleged negligence of the Tim Horton's defendants and the injuries and fatalities (*see id.,* citing *Miecznikowski v Robida,* 278 AD2d 793, 794 [2000], *lv denied* 96 NY2d 709 [2001]).

In light of our determination with respect to causation, we do not consider the parties' remaining contentions concerning the issues of duty and fault. Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.