■ ENENIVER CAPERS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [825 NYS2d 461]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered July 1, 2005, which granted the motion of defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, and the cross motion of defendant City of New York for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she sustained injuries because the driver of the bus in which she was a passenger, operated by defendant Authorities, negligently failed to "kneel" the bus to facilitate her descent from the bus to the street, and that her injuries are also attributable to defects in the street at the spot where she was to alight, for which defendant City is responsible. However, it is plain from plaintiff's own testimony that neither the alleged failure to "kneel" the bus nor the condition of the street was a substantial factor in bringing about her harm. Plaintiff testified that she lost her balance as she attempted to descend

from the top step of the bus to an intermediate egress step of the bus; at the time of her fall she had not yet reached the final step before the street. The distance between the final bus step and the street, which would have been narrowed by "kneeling" the bus, could not have been a factor in causing plaintiff's injuries. Similarly, because plaintiff had not yet reached the street when she lost her balance and fell, there could have been no connection between the condition of the street and her accident (*see Rivera v City of New York*, 11 NY2d 856, 857 [1962]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.