SUSAN CUMBO et al., Respondents, v DORMITORY AUTHORITY OF STATE OF NEW YORK, Defendant, and SMITH BROTHERS CONSTRUCTION CO., INC., et al., Appellants. [896 NYS2d 554]—

Appeals from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered January 26, 2009 in a personal

injury action. The order, insofar as appealed from, denied the motion of defendant Smith Brothers Construction Co., Inc. and the cross motion of MLP Plumbing and Mechanical Corp. for, inter alia, summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Susan Cumbo (plaintiff) when she fell while walking from the parking lot where she parked her vehicle to Porter Hall, the building in which she worked at the University of Buffalo. Defendant Dormitory Authority of the State of New York owned and maintained the area between the parking lot and Porter Hall and had entered into contracts with Smith Brothers Construction Co., Inc. (Smith Brothers) and MLP Plumbing and Mechanical Corp. (MLP) (collectively, defendants) to perform construction work near the area where plaintiff fell. Plaintiff alleged that, on the day she fell, she was unable to use the walkway from the parking lot to Porter Hall because it had been damaged as a result of the conduct of defendants in driving their vehicles over it. She further alleged that, because the walkway was impassable, she was forced to walk on a grassy slope adjacent to the walkway and that she fell while attempting to walk up that slope. Smith Brothers moved and MLP cross-moved for, inter alia, summary judgment dismissing the complaint against them. We conclude that Supreme Court properly denied the motion and cross motion.

We reject the contention of defendants that they did not owe a duty of care to plaintiff. Although defendants are correct that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]), "a defendant who undertakes to render services and then negligently creates or *exacerbates* a dangerous condition may be liable for any resulting injury" (*Espinal*, 98 NY2d at 141-142 [emphasis added]; *see Rak v Country Fair, Inc.*, 38 AD3d 1240, 1241 [2007]; *Achtziger v Merz Metal & Mach. Corp.*, 27 AD3d 1137 [2006]). The evidence submitted in support of the motion and cross motion established that, although the walkway was in "rough shape" before defendants allegedly drove their construction vehicles over it, the dangerous condition of the walkway was exacerbated by defendants' conduct. The evidence submitted by Smith Brothers in support of its motion refuted the contention of MLP that none of its vehicles drove over the section of the walkway in question.

Thus, because defendants failed to meet their initial burden of establishing that they did not exacerbate the dangerous condition, "the burden never shifted to plaintiff to raise a triable issue of fact" (*Rak*, 38 AD3d at 1241; *see Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 654 [2007]).

We reject defendants' further contention that the choice made by plaintiff to walk on the grassy slope was the sole proximate cause of her injuries. Defendants contend that plaintiff fell in an area that was far from the location of the damaged walkway and that there were paths to Porter Hall other than the damaged walkway and the grassy slope. In support of the motion and cross motion, however, defendants submitted the deposition testimony of plaintiff and photographs of the area in which she fell, and that evidence raises a triable issue of fact whether plaintiff fell in an area immediately adjacent to the damaged walkway. Thus, defendants failed to establish as a matter of law that there was no causal connection between their alleged negligence and plaintiff's injuries (*see e.g. O'Neill v City of Port Jervis*, 253 NY 423, 431-432 [1930]; *DiNatale v State Farm Mut. Auto. Ins. Co.*, 5 AD3d 1123, 1125 [2004], *lv denied* 3 NY3d 607 [2004]; *Fonzi v Beishline*, 270 AD2d 912, 913 [2000]; *cf. Ubaydah v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 984, 986 [2004]).

Finally, in light of our determination, we see no need to reach the remaining contention of Smith Brothers. Present—Smith, J.P., Centra, Lindley and Pine, JJ.