# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1268**
**CA 15-00381**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

ADAM GIACOMETTI, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JACOB B. FARRELL, COUNTY OF ERIE, TIMOTHY B.
HOWARD, IN HIS CAPACITY AS ERIE COUNTY SHERIFF,
DEPUTY THOMAS WAS, BUFFALO BILLS INC.,
DEFENDANTS-RESPONDENTS-RESPONDENTS,
ET AL., DEFENDANTS.
(ACTION NO. 1.)
------------------------------------------------
COUNTY OF ERIE AND BUFFALO BILLS INC.,
THIRD-PARTY PLAINTIFFS,

V

CONTEMPORARY SERVICES CORPORATION AND EXECUTIVE
SECURITY MANAGEMENT, INC. DOING BUSINESS AS THE
APEX GROUP, THIRD-PARTY DEFENDANTS.
------------------------------------------------
ADAM GIACOMETTI, PLAINTIFF-RESPONDENT-APPELLANT,

V

CONTEMPORARY SERVICES CORPORATION, DEFENDANT,
AND EXECUTIVE SECURITY MANAGEMENT, INC. DOING
BUSINESS AS THE APEX GROUP,
DEFENDANT-APPELLANT-RESPONDENT.
(ACTION NO. 2.)
(APPEAL NO. 2.)

---

BARCLAY DAMON LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (CARRIE L. SMITH OF
COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (TROY S. FLASCHER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-RESPONDENTS COUNTY OF ERIE AND BUFFALO BILLS
INC.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Patrick H. NeMoyer, J.), entered October 21, 2014. The order,
among other things, granted the motions of plaintiff and defendant

Executive Security Management, Inc. doing business as The Apex Group, for leave to reargue and, upon reargument, the court adhered to its prior determination.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of defendants County of Erie and Buffalo Bills Inc. for summary judgment dismissing the complaint against them and reinstating the complaint against those defendants, and denying that part of the cross motion of defendant Executive Security Management, Inc. doing business as the Apex Group, for summary judgment dismissing the complaint to the extent that plaintiff alleges that its employees were negligent or reckless in pursuing defendant Jacob B. Farrell and reinstating the complaint against that defendant in its entirety, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced these actions seeking damages for injuries sustained when he was struck by a vehicle driven by defendant Jacob B. Farrell.  The accident occurred while plaintiff was walking from a parking lot to an adjacent stadium to watch a football game.  The parking lot was owned by defendant County of Erie (County) and leased by defendant Buffalo Bills Inc. (Bills).  The Bills contracted with defendant Executive Security Management, Inc. doing business as the Apex Group (Apex), to provide security in the parking lot on days when football games were played in the stadium.  According to plaintiff and several eyewitnesses, employees of Apex were in pursuit of Farrell's vehicle at the time of the accident and, immediately before striking plaintiff, Farrell's vehicle swerved to avoid a burning log that was partially obstructing a lane in the parking lot.

The County and the Bills (hereafter, Bills defendants) moved for, inter alia, summary judgment dismissing the complaint against them, and Apex cross-moved for, inter alia, summary judgment dismissing the complaint against it.  Apex appeals and plaintiff cross-appeals from an order that, inter alia, upon reargument adhered to a prior determination granting that part of the motion of the Bills defendants for summary judgment dismissing the complaint against them, and granting that part of Apex's cross motion for summary judgment dismissing the complaint against it to the extent that plaintiff alleges that its employees were negligent or reckless in pursuing Farrell.  Apex contends on appeal that Supreme Court erred in failing to grant its cross motion in its entirety and that the court erred in granting the motion of the Bills defendants, and plaintiff contends on his cross appeal that the court erred in granting the motion of the Bills defendants and in granting Apex's cross motion in part.  We agree with Apex and plaintiff that the court erred in granting the motion of the Bills defendants, and we agree with plaintiff that the court erred in granting Apex's cross motion in part.  We therefore modify the order accordingly.

Addressing first the cross motion of Apex, we note that Apex contends that the court erred in refusing to grant the cross motion in its entirety because plaintiff improperly asserted a new theory of

liability in opposition to the cross motion for summary judgment by submitting the affidavit of a nonparty witness who asserted that, prior to the accident, Farrell was involved in a fight, taken into custody by Apex employees, and then released by Apex. We reject that contention, inasmuch as the affidavit did not assert a new theory of liability. Rather, the affidavit provided support for plaintiff's allegations in the complaint and bill of particulars that Apex negligently failed to furnish adequate security and crowd control in the parking lot (*cf. Darrisaw v Strong Mem. Hosp.*, 16 NY3d 729, 731). Contrary to Apex's further contention, the nonparty witness's identification of Farrell as the person in the custody of Apex employees was in admissible form inasmuch as the statement of a witness that he or she "subsequently learned [another party's] name does not constitute inadmissible hearsay" (*People v Cedeno*, 252 AD2d 307, 310, *lv dismissed* 93 NY2d 1015). Apex also contends that the affidavit of the nonparty witness was not properly before the court because plaintiff had previously failed to disclose the name of the nonparty witness. We reject that contention. There is no evidence in the record that the failure to disclose the name of the witness was " 'the result of willful, deliberate, and contumacious conduct' . . . , or [that] the moving party [was] prejudiced by the late disclosure" (*McLeod v Taccone*, 122 AD3d 1410, 1412). Contrary to Apex's contention, we conclude that the court properly determined that there are triable issues of fact whether Apex was negligent in allowing the burning log to partially obstruct the lane in the parking lot (*see O'Neill v City of Port Jervis*, 253 NY 423, 431-432; *DiNatale v State Farm Mut. Auto. Ins. Co.*, 5 AD3d 1123, 1125, *lv denied* 3 NY3d 607), and whether that negligence was a proximate cause of the accident (*see DiNatale*, 5 AD3d at 1125; *Fonzi v Beishline*, 270 AD2d 912, 913).

Also with respect to the cross motion, we agree with plaintiff on his cross appeal that Apex did not establish as a matter of law that its employees were not negligent or reckless in their pursuit of Farrell through the parking lot, and that the court therefore erred in granting the cross motion of Apex to that extent. Apex submitted evidence that Farrell was intoxicated and was driving too quickly for the conditions in the crowded parking lot, but Apex failed to submit any evidence that would establish that the conduct of its employees during the pursuit of Farrell "was reasonable and did not show a reckless disregard for the safety of others as a matter of law" (*Friel v Town of Brighton*, 206 AD2d 863, 863; *see generally Palella v State of New York*, 141 AD2d 999, 1000).

With respect to the motion of the Bills defendants, we agree with Apex and plaintiff that the Bills defendants failed to establish as a matter of law that they satisfied their duty to maintain a safe premises. We thus conclude that the court erred in granting that part of their motion for summary judgment dismissing the complaint against them. Although the Bills contracted with Apex to provide security in the parking lot, we conclude that the Bills defendants are "vicariously liable for [Apex's] negligence based on [their] nondelegable duty to keep the premises safe" (*Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071; *see Thomassen v J & K Diner*, 152 AD2d 421,

424, *appeal dismissed* 76 NY2d 771, *rearg denied* 76 NY2d 889).

We further conclude that the Bills defendants failed to establish as a matter of law that Apex had entirely displaced their duty to maintain the premises safely.  "[A] party who enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons . . . where[, inter alia,] the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140).  Although the Bills defendants submitted the deposition testimony of the vice president of Apex in which he stated that Apex was responsible for security in the parking lot, the Bills defendants also submitted the Bills' contract with Apex, which provided that Apex would follow guidelines and procedures promulgated by the Bills and that the Bills "reserve[d] the right to utilize its own employees to provide security services."  The Bills defendants further submitted evidence that an employee of the Bills drafted a Stadium Guide that was distributed to all Apex employees as a handbook; the Bills held briefings for Apex employees before every football game; the Bills determined Apex's staffing levels; and the Bills determined where Apex employees would be stationed in the parking lot.  Moreover, the Bills defendants submitted the deposition testimony of the Bills' former director of operations and event services, who testified that he instructed Apex to concentrate on "underage drinking or other rowdiness type issues" in the parking lot. They also submitted the deposition testimony of a person employed by Apex as a security guard, who testified that removing the burning log from the roadway "wasn't high on our priority list" because security personnel was focused on "underage drinking and just drunk, obnoxious fans."  On this record, the Bills defendants failed to meet their burden of establishing as a matter of law that Apex had "entirely absorb[ed]" the duty to maintain safe conditions on the subject premises (*id.* at 141; *see Rahim v Sottile Sec. Co.*, 32 AD3d 77, 82).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court