Herbert v 1025 Chili Ave., LLC (2022 NY Slip Op 03585)

Herbert v 1025 Chili Ave., LLC

2022 NY Slip Op 03585

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, WINSLOW, AND BANNISTER, JJ.

70 CA 20-01408

[*1]DAVID HERBERT, PLAINTIFF-RESPONDENT,
v
1025 CHILI AVENUE, LLC, DEFENDANT-APPELLANT. 

LIPPMAN O'CONNOR, BUFFALO (MATTHEW J. DUGGAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered October 2, 2020. The order denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a paver operator employed by a nonparty, commenced this action seeking to recover damages for injuries that he allegedly sustained when he stepped off of a parked paver and onto an uneven surface on property owned by defendant. Plaintiff alleges that plaintiff's employer had an oral agreement with defendant to use defendant's property as an overnight staging area to store the paving equipment. Defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it owed no duty to plaintiff inasmuch as it did not retain possession or control over the property. Supreme Court denied the motion and defendant appeals.
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]; see Basso v Miller, 40 NY2d 233, 241 [1976]; see generally Giacometti v Farrell [appeal No. 2], 133 AD3d 1387, 1390 [4th Dept 2015]). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of [the] property is best able to identify and prevent any harm to others' " (Gronski, 18 NY3d at 379, quoting Butler v Rafferty, 100 NY2d 265, 270 [2003]). "[A]n out-of-possession landlord who relinquishes control of the premises and is not contractually obligated to repair unsafe conditions is not liable . . . for personal injuries caused by an unsafe condition existing on the premises" (Balash v Melrod, 167 AD3d 1442, 1442 [4th Dept 2018] [internal quotation marks omitted]).
We conclude that the court did not err in denying defendant's motion inasmuch as defendant failed to meet its prima facie burden of establishing that it relinquished its control of the property such that it had no duty to plaintiff to remedy the allegedly defective condition (see id. at 1443; see generally Rainey v Bonanno, 178 AD3d 1394, 1394-1395 [4th Dept 2019]). In support of its motion, defendant submitted the deposition testimony of its owner who stated that he had an agreement with plaintiff's employer whereby plaintiff's employer would be permitted to store paving equipment on a specific area of defendant's property but was required to return that area of the property to the original condition. However, the owner's testimony raised an issue of fact whether the area where plaintiff's employer stored the paving equipment was indeed the area for which the agreement granted plaintiff's employer permission to do so, and thus there is a question of fact whether plaintiff's employer was obligated to maintain the area of the property where the incident occurred. Therefore, viewing the evidence in the light most favorable to plaintiff, the nonmoving party (see Branham v Loews Orpheum Cinemas, Inc., 8 [*2]NY3d 931, 932 [2007]), we conclude that defendant failed to establish that it relinquished control of the premises to plaintiff's employer such that it owed no duty to plaintiff to remedy the allegedly defective condition (see Gronski, 18 NY3d at 381-382).
Inasmuch as defendant failed to meet its initial burden on the motion, we do not consider the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court