■ JUAN J. RODRIGUEZ, Respondent, v PRO CABLE SERVICES COMPANY LIMITED PARTNERSHIP et al., Appellants. [697 NYS2d 440] —Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: In September 1992 cable installers employed by defendant Pro Cable Services Company Limited Partnership (Pro Cable) climbed atop plaintiff's garage to install cable at the house next door. In doing so, one of the cable installers damaged

plaintiff's roof. Plaintiff repeatedly complained about the damage to defendant TCI, Inc., the cable provider, which had contracted with Pro Cable. In August 1993 Michael Watkins, an employee of Pro Cable, went to plaintiff's house to inspect the damage. Using plaintiff's ladder, Watkins and plaintiff climbed to the roof of the garage to inspect the damage. Subsequently, as plaintiff attempted to descend the ladder, he fell when the ladder slid along the eave of the garage.

Plaintiff commenced this action, seeking to recover for his personal injuries, which allegedly resulted from defendants' negligence in damaging the roof in September 1992 and in failing to prevent plaintiff from falling in August 1993.

Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. With regard to the first allegation of negligence, defendants demonstrated their entitlement to summary judgment by establishing that any alleged negligence on their part in September 1992 was not a proximate cause of plaintiff's injuries. "[W]here only one conclusion may be drawn from the established facts * * * the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *see, Bell v Board of Educ.*, 90 NY2d 944, 946). The causal nexus between a defendant's conduct and the injury will be broken where there are intervening circumstances that are extraordinary under the circumstances, unforeseeable in the normal course of events, different in kind from the foreseeable risks associated with the original negligence, or independent or far removed from the defendant's conduct (*see, Derdiarian v Felix Contr. Corp., supra*, at 315-316; *see also, Mirand v City of New York*, 84 NY2d 44, 50-51; *Lynch v Bay Ridge Obstetrical & Gynecological Assocs.*, 72 NY2d 632, 636-637). Based upon the circumstances of this case, including the lapse of time, we conclude as a matter of law that the original alleged negligence on defendants' part in damaging the roof merely furnished the condition or occasion for the injury-producing occurrence and that plaintiff's injuries were the result of intervening circumstances (*see, Derdiarian v Felix Contr. Corp., supra*, at 316; *Sheehan v City of New York*, 40 NY2d 496, 503). The risk of plaintiff's falling from the ladder was a different kind of risk from that created by defendants' negligence in damaging the roof and was not a foreseeable consequence of defendants' negligence (*see, Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952, *mot to amend remittitur granted* 46 NY2d 770; *see also, Santiago v New York City Hous. Auth.*, 63 NY2d 761, 762-763; *Martinez v Lazaroff*, 48 NY2d 819, 820).

Nor is there any merit to the second aspect of plaintiff's claim. As a matter of law, defendants owed no duty to plaintiff to guard against his falling from his own ladder. The record does not support the allegation that Watkins "instructed" or "directed" plaintiff to accompany him to the roof and refutes the allegation that Watkins was negligent in the manner in which he placed the ladder. (Appeal from Order of Supreme Court, Erie County, Burns, J.—Summary Judgment.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.