# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

577

CA 14-01839

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

WAYNE F. HURLBURT AND MARSHA A. HURLBURT,
PLAINTIFFS-RESPONDENTS,

V                                                  MEMORANDUM AND ORDER

NOBLE ENVIRONMENTAL POWER, LLC, ET AL.,
DEFENDANTS,
AND FRANK MONTELEONE, DOING BUSINESS AS
FRANK MONTELEONE DUMP TRUCK & EXCAVATING,
DEFENDANT-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, ROCHESTER (RICHARD C. BRISTER OF COUNSEL), FOR DEFENDANT-APPELLANT.

KAMMHOLZ MESSINA LLP, VICTOR (BRADLEY P. KAMMHOLZ OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered December 24, 2013. The order, insofar as appealed from, denied the motion of defendant Frank Monteleone, doing business as Frank Monteleone Dump Truck & Excavating for summary judgment dismissing the complaint against him.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant Frank Monteleone, doing business as Frank Monteleone Dump Truck & Excavating, is dismissed.

Memorandum: Wayne F. Hurlburt (plaintiff) and his wife commenced this action to recover damages for injuries sustained by plaintiff when a bulldozer driven by plaintiff's coworker, Stephen Boyd, ran over his right leg. Plaintiff was working with Boyd to construct an access road and, at the time of his accident, plaintiff was directing the dump trucks bringing gravel for the road. Just before the accident occurred, plaintiff, standing behind the bulldozer, signaled to Harold Scott, a dump truck driver for Frank Monteleone, doing business as Frank Monteleone Dump Truck & Excavating (defendant), to back up and dump the truck's load. Plaintiff then moved out of the path of the bulldozer, which was grading the gravel that had already been dumped. When Scott appeared not to see the signal, plaintiff again moved behind the bulldozer to signal Scott. Although plaintiff heard the back-up alarm on the bulldozer as it again graded the gravel, he failed to move out of the bulldozer's path in time to avoid being hit. Plaintiff alleges that he was in the path of the

bulldozer, and therefore sustained injuries, because of Scott's breach of a duty to pay attention and to move his truck promptly when directed to do so. Defendant moved for summary judgment dismissing the complaint against him, contending that no duty to plaintiff was breached, and that any breach was not a proximate cause of plaintiff's injuries. Supreme Court denied the motion, finding that Scott had "some duty to move his truck with reasonable promptness" and that there were triable issues of fact whether Scott's breach of that duty proximately caused plaintiff's injuries. We conclude that the court erred in denying the motion, and we therefore reverse the order insofar as appealed from.

Even assuming, arguendo, that Scott owed plaintiff a duty to move his truck with reasonable promptness when directed to do so, we conclude that any breach of that duty was not a proximate cause of plaintiff's injuries. Although "[a]s a general rule, the question of proximate cause is to be decided by the finder of fact, aided by appropriate instructions" (*Derdiarian v Felix Contr. Corp*., 51 NY2d 308, 312), where a defendant's actions merely "furnish[ ] the condition or occasion" for the events leading to a plaintiff's injuries, those actions will not be deemed a proximate cause of the injuries (*Rodriguez v Pro Cable Servs. Co. Ltd. Partnership*, 266 AD2d 894, 895; *see generally Sheehan v City of New York*, 40 NY2d 496, 503). Here, while Scott's alleged inattention created the opportunity for plaintiff to be standing behind the moving bulldozer, it did not *cause* him to stand behind the bulldozer or stay in the bulldozer's path despite his knowledge that the bulldozer was approaching. In other words, "[a]lthough [defendant's alleged] negligence undoubtedly served to place [plaintiff] at the site of the accident, the intervening act[s of plaintiff and Boyd] w[ere] divorced from and not the foreseeable risk associated with the original [alleged] negligence . . . In short, the [alleged] negligence of [defendant] merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian*, 51 NY2d at 315-316).

Entered: May 8, 2015                    Frances E. Cafarell
                                        Clerk of the Court