Barone v Liberty Cab Co. (2024 NY Slip Op 02403)

Barone v Liberty Cab Co.

2024 NY Slip Op 02403

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

89 CA 22-01722

[*1]ROSARIO BARONE, III, PLAINTIFF-APPELLANT,
v
LIBERTY CAB COMPANY, YELLOW CAB, LIBERTY YELLOW CAB COMPANY, BUFFALO MANAGEMENT, INC., WILLIAM YUNKE, ZORAN DRCA, LIBERTY COMMUNICATIONS, INC., RED STAR AUTO, INC., AND BLACK ROCK AUTO SALES, INC., DEFENDANTS-RESPONDENTS. 

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (SAMUEL J. CAPIZZI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARTH CONDREN LLP, BUFFALO (PIERRE A. VINCENT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS LIBERTY CAB COMPANY, YELLOW CAB, LIBERTY

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered October 5, 2022. The order granted the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this personal injury action arising out of a robbery by a backseat passenger while plaintiff was driving a taxicab owned by defendant Buffalo Management, Inc. and dispatched by defendant Liberty Communications, Inc., plaintiff appeals from an order that granted defendants' motions for summary judgment dismissing the complaint and any cross-claims. We affirm.
"In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016], rearg denied 28 NY3d 956 [2016] [internal quotation marks omitted]). With respect to the third element, "the negligence complained of must have caused the occurrence of the accident from which the injuries flow" (Rivera v City of New York, 11 NY2d 856, 857 [1962], rearg denied 11 NY2d 1016 [1962], 12 NY2d 715 [1962]). "The causal nexus between a defendant's conduct and the injury will be broken where there are intervening circumstances that are extraordinary under the circumstances, unforeseeable in the normal course of events, different in kind from the foreseeable risks associated with the original negligence, or independent or far removed from the defendant's conduct" (Rodriguez v Pro Cable Servs. Co. Ltd. Partnership, 266 AD2d 894, 895 [4th Dept 1999]). In particular, where "the intervening act of [an] assailant was extraordinary and unforeseeable as a matter of law," it may serve "to break the causal connection between the defendant's negligence and the plaintiff's injuries" (Santiago v New York City Hous. Auth., 63 NY2d 761, 763 [1984] [internal quotation marks omitted]).
Assuming, arguendo, the existence of a duty on the part of defendants to provide plaintiff with a taxicab with a functional inner rear door handle, the risk of plaintiff's being shot by a passenger during a robbery "was a different kind of risk from that created by defendants' [alleged] negligence in" failing to do so (Rodriguez, 266 AD2d at 895). Thus, we conclude that, as a matter of law, defendants' alleged negligence "furnished the condition or occasion for the injury-producing occurrence and that plaintiff's injuries were the result of intervening circumstances" (id.).
We further conclude that defendants owed plaintiff no duty to install a partition or camera in the taxicab (see Brown v Wal-Mart Stores, Inc., 216 AD3d 1390, 1392-1393 [4th Dept 2023], lv denied 40 NY3d 908 [2023]).
We have considered plaintiff's remaining contentions and conclude that they are without merit.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court