City of Rome v GHD Consulting Servs., Inc.

2026 NY Slip Op 02522

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

CITY OF ROME, PLAINTIFF-APPELLANT,

v

GHD CONSULTING SERVICES, INC., C.O. FALTER CONSTRUCTION CORP., BEKEN CONTRACTING SERVICES, L.L.C., AND PATRICK HEATING OF THE MOHAWK VALLEY, INC., DEFENDANTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

153 CA 24-01509

Present: Whalen, P.J., Lindley, Curran, And Smith, JJ.

HARRIS BEACH MURTHA CULLINA PLLC, SYRACUSE (DAVID CAPRIOTTI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SUGARMAN LAW FIRM, LLP, BUFFALO (BRIAN SUTTER OF COUNSEL), FOR DEFENDANT-RESPONDENT GHD CONSULTING SERVICES, INC.

MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., TARRYTOWN (DANIEL D. FLYNN OF COUNSEL), FOR DEFENDANT-RESPONDENT C.O. FALTER CONSTRUCTION CORP.

BARCLAY DAMON LLP, SYRACUSE (NICHOLAS DICESARE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS BEKEN CONTRACTING SERVICES, L.L.C., AND

Appeal from an order of the Supreme Court, Oneida County (William F. Ramseier, J.), entered August 19, 2024. The order granted the motions of defendants for summary judgment and dismissed the amended complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions are denied, and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking, among other things, damages for injuries resulting from a chlorine gas leak at its newly constructed ultraviolet water filtration facility. The leak occurred during the transition from the old water filtration facility to the new water filtration facility, at which time the water supply was being treated by an emergency chlorination system in the new facility. That system, which used two chlorine gas tanks in alternation, was housed in a room that was deliberately separated from the rest of the facility and, pursuant to the construction plan for the new facility, was designed to be sealed in a manner that would prevent the escape of chlorine gas in the event of a leak. Hours after the emergency chlorination system was put into use, a worker discovered that the temperature of the room was lower than required for operation of the system and that one of the system's two chlorine gas tanks had frost forming on it. The chief operator for the water filtration plant, an employee of plaintiff, switched the chlorine gas feed from the frosted tank to the second tank. The chief operator then sought to replace the frosted tank, which was partially depleted, with a new one. The chief operator used a wrench to close the valve on the top of the tank and, believing that valve to be closed, started to disconnect the frosted tank from a regulator that connected the tank to the emergency chlorination system. Chlorine gas leaked into the room from the frosted tank, necessitating the evacuation of the chief operator and the other persons present. Inasmuch as the room had not been completely sealed before the emergency chlorination system was put into use, the chlorine gas leaked into the larger facility, resulting in property damage to the new facility.

In its amended complaint against defendants, who were involved in the design and construction of the new facility, plaintiff asserted causes of action for, among other things, negligence and breach of contract. Plaintiff now appeals from an order granting defendants' respective motions for summary judgment dismissing the amended complaint against them. In granting the motions, Supreme Court concluded that, even assuming, arguendo, that defendants' alleged negligence and breaches of contract were causative factors in plaintiff's damages, the conduct of the chief operator in removing the frosted chlorine tank "was an unforeseeable superseding event that absolved defendants of liability." We agree with plaintiff that this was error, and we therefore reverse.

Contrary to the court's conclusion, defendants failed to meet their initial burden on their respective motions to establish as a matter of law that the chief operator's act of disconnecting the frosted tank was a superseding cause that interrupted the link between defendants' alleged failures and the damages incurred by plaintiff (see Hain v Jamison, 28 NY3d 524, 529 [2016]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316 [1980], rearg denied 52 NY2d 784 [1980]; see generally Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 192-193 [2008], rearg denied 10 NY3d 890 [2008]). A superseding act of a third party will break the chain of causation only when the act is not a "normal or foreseeable consequence of the situation created by the defendant's [actions or inactions]," and "questions concerning what is foreseeable and what is normal . . . generally are for the fact finder to resolve" (Derdiarian, 51 NY2d at 315; see Pomeroy v Buccina, 289 AD2d 944, 945 [4th Dept 2001]). Here, plaintiff alleged that defendants were negligent and breached their respective contracts with plaintiff by, among other things, using the emergency chlorination system while the room was not at the appropriate temperature and failing to properly seal the room in order to contain corrosive chlorine gas in the event that a leak occurred. In his deposition testimony, which was submitted in support of each motion, the chief operator explained that he attempted to replace the frosted tank because he was concerned that the tank was damaged from the frost and would not work properly once the alternative, nonfrosted tank emptied, in which case untreated water might leave the facility. Although the chief operator admitted that, at the time he began to disconnect the frosted tank, a rotameter in the regulator indicated that chlorine gas was still flowing from it, he also explained that he believed that chlorine gas was no longer flowing from the frosted tank because he closed the valve with a wrench to the point where it would not move any further, he thought the rotameter might also be freezing over or damaged from the frost, and the indicator ball in the rotameter would occasionally "stick" and give a false reading. Under the circumstances, the chief operator's actions were not "extraordinary . . . , unforeseeable in the normal course of events, different in kind from the foreseeable risks associated with the original negligence, or independent or far removed from the defendant[s'] conduct" (Rodriguez v Pro Cable Servs. Co. Ltd. Partnership, 266 AD2d 894, 895 [4th Dept 1999]; see Mazella v Beals, 27 NY3d 694, 706 [2016]; Derdiarian, 51 NY2d at 315-316).

We have reviewed the contention raised by defendant GHD Consulting Services, Inc. (GHD) as an alternative ground for partial affirmance and conclude that it is without merit inasmuch as GHD failed to meet its initial burden of establishing its entitlement to summary judgment on that issue (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court